UNITED STATES of America, Appellee,

v.

David Donald FREEMAN, Appellant.

No. 86–5254.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1986.

Decided Dec. 17, 1986.

John W. Lundquist, Minneapolis, Minn., for appellant.

Jon Hopeman, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before JOHN R. GIBSON and FAGG, Circuit Judges, and HANSON,* Senior District Judge.

* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

FAGG, Circuit Judge.

After the district court denied his motion to suppress certain evidence, David Donald Freeman entered a conditional guilty plea to a charge of unlawful distribution of cocaine and reserved the right to appeal. *See* Fed.R.Crim.P. 11(a)(2). The district court then sentenced Freeman. He now appeals and we affirm.

During an undercover drug operation, Ramsey County police made several drug purchases from Anthony Bruzek. From the events surrounding a cocaine purchase, police obtained information leading them to believe Freeman was providing Bruzek with the cocaine from a supply in Freeman's home. The local police obtained a search warrant from the state court for Freeman's residence at 3639 Second Street Northeast, Minneapolis, Minnesota. Through execution of the warrant, police recovered drugs, drug paraphernalia, money, guns, and other items of potential evidentiary value.

After being indicted, Freeman filed a motion to suppress the evidence seized from his house. Freeman asserted the affidavit underlying the search warrant contained three material misrepresentations. He further claimed that without these statements the search warrant was not supported by probable cause as required by the fourth amendment. Thus, Freeman maintained that the evidence seized from his home should be suppressed under *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978).

A magistrate held a suppression hearing. In filing his report, however, the magistrate did not make a finding on whether the challenged statements were misrepresentations. Instead, the magistrate noted that a *Franks* hearing should not have been held because, even without the three statements, the affidavit was sufficient to provide probable cause for the warrant. Consequently, he recommended that Freeman's motion to suppress be denied. The district court adopted the magistrate's report and recommendation.

On appeal Freeman contends the magistrate committed error in concluding that probable cause existed absent the three claimed misrepresentations. We disagree.

Under *Franks*, the courts will exclude evidence seized during a search only when the warrant affidavit, without the challenged statements, is insufficient to establish probable cause. *See id.* at 155–56, 171–72 & n. 8, 98 S.Ct. at 2676, 2684 & n. 8; *United States v. Lee*, 743 F.2d 1240, 1247 (8th Cir.1984). Thus, the only issue before us here is whether the remaining information in the affidavit provides a basis for finding probable cause to support the warrant.

Under the totality of circumstances standard set out in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), a magistrate must take a practical, common-sense approach in determining whether probable cause exists. In reviewing this determination, we need only "ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed." *Id.* at 238–39, 103 S.Ct. at 2332 (quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960)); *see Lee*, 743 F.2d at 1247. Here, the magistrate determined that, given all the circumstances stated in the edited affidavit, there was a fair probability that contraband or evidence of a drug-related crime would be found at 3639 Second Street Northeast in Minneapolis.

The affidavit stated that police had arranged to purchase cocaine from Bruzek. On that day officers followed Bruzek from his home to the vicinity of 3629 Second Street Northeast. They found his car parked on the west side of Second Street Northeast. Officers observed Bruzek return to his car from the east side of the street. Officers then believed Bruzek had come from the house located at either 3637 or 3639 Second Street Northeast. The house located at 3639 Second Street Northeast was red in color.

The affidavit further stated Bruzek later told police the house he entered to obtain the cocaine was a red, one-story, single

family dwelling. Bruzek indicated the house was in the middle of the block on Second Street Northeast, south of Thirty-seventh Avenue. Finally, Bruzek stated he entered this house from a side door on the north side of the house and the house had a window to the left of the front door with a heavy curtain that was drawn shut.

The police then matched the description given by Bruzek to one of the two houses they had originally thought Bruzek entered when he was under surveillance: 3639 Second Street Northeast. Further investigation disclosed this house was owned by Freeman. From these stated circumstances, the magistrate determined there was a fair probability that contraband or evidence of a crime would be found at Freeman's house.

We hold the magistrate did not commit error in concluding that the affidavit, without the challenged statements, was sufficient to support the search warrant. The motion to suppress was properly denied. Freeman's conviction is affirmed.