**UNITED STATES of America, Appellee,**

v.

**THIRTEEN THOUSAND DOLLARS IN UNITED STATES CURRENCY,**
Appellant.

No. 83–1993.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1983.

Decided May 7, 1984.

---

James M. Rosenbaum, U.S. Atty., John M. Lee, Asst. U.S. Atty., D. Minn., Minneapolis, Minn., for appellee.

Michael T. Kramm, Legal Intern., Resnick & Bartsh, P.A., Phillip S. Resnick, Minneapolis, Minn., for appellant.

Before HEANEY, ROSS and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Appellants Kenneth Meshbesher and Phillip Resnick appeal from a United States Magistrate's order directing that $13,000 in United States currency be forfeited to the United States. We affirm.

The relevant facts leading up to the seizure of the currency and its subsequent assignment to Meshbesher and Resnick are not in dispute. On February 13, 1982, Drug Enforcement Administration Agents observed Jeffrey Lewis Bulgatz walking out of an airport concourse carrying a tan shoulder bag. The agents, recognizing Bulgatz from a bond reduction hearing and aware of the fact that Bulgatz was facing charges of conspiracy to distribute cocaine, followed Bulgatz. After being informed by a fellow agent that Bulgatz's trial on the conspiracy charges was scheduled to commence in three days and that the terms and conditions of Bulgatz's bond did not allow him to leave the state, the agents approached Bulgatz and questioned him concerning his presence at the airport. Bulgatz admitted he was holding an airline ticket for a flight from Minneapolis to New York departing that day in the name of a Mr. H. Lewis (Bulgatz's middle name is Lewis), but insisted that he was delivering the ticket to a friend. The agents seized the shoulder bag Bulgatz was carrying and informed him that he was free to leave. The shoulder bag was later exposed to a drug detection dog that indicated the bag contained narcotics. Upon obtaining a search warrant for the bag the following day, the bag was opened and found to contain, among other things, $13,000 in United States currency. No narcotics were discovered. On February 13, after the seizure of his shoulder bag, Bulgatz assigned his interest in the entire contents of the bag to Meshbesher and Resnick. The assignment was made in consideration for services rendered and to be rendered by appellant's attorneys in Bulgatz's and his wife's upcoming criminal trial.

The United States Magistrate, assuming that Meshbesher and Resnick had standing to contest the forfeiture, concluded (1) that the attorneys did not have standing to challenge the admissibility of evidence obtained in the seizure and subsequent search of Bulgatz's bag and (2) that the government established probable cause to believe the currency was intended to be furnished in exchange for a controlled substance. *See* 21 U.S.C. § 881(a)(6). We agree that appellants Meshbesher and Resnick, as assignees of the currency, have standing to contest its forfeiture. Because Meshbesher and Resnick failed properly to object to the admissibility of the evidence discovered in Bulgatz's bag at the time of its introduction at trial, we do not address the validity of Bulgatz's fourth amendment claim, nor do we address the issue of Meshbesher's and Resnick's standing to raise it. We conclude that the government established probable cause to believe the currency was intended to be furnished in exchange for a controlled substance and thus the currency was properly forfeited to the United States.

*Standing to Contest the Forfeiture*

■ The government, relying on *United States v. Stowell,* 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555 (1890), argues that Meshbesher and Resnick do not have standing to contest the forfeiture of the $13,000. In *Stowell,* the Supreme Court stated:

[W]henever a statute enacts that upon the commission of a certain act specific property used in or connected with that act shall be forfeited, the forfeiture takes effect immediately upon the commission of the act; the right to the property then vests in the United States, al-

though their title is not perfected until judicial condemnation; the forfeiture constitutes a statutory transfer of the right to the United States at the time the offense is committed; and the condemnation, when obtained, relates back to that time, and avoids all intermediate sales and alienations, even to purchasers in good faith.

*Id.* at 16–17, 10 S.Ct. at 247. The government contends that because Bulgatz's assignment of the currency to Meshbesher and Resnick was made after his commission of the act that gave rise to the forfeiture and simultaneous transfer of the right to the currency to the United States, the doctrine of relation back operates to deprive Meshbesher and Resnick of standing to challenge the forfeiture.

We find the doctrine of relation back inapplicable to this case. Unlike the forfeiture statute in *Stowell, supra,* 133 U.S. at 2 n. 1, 10 S.Ct. at 244 n. 1, which mandatorily required that upon the commission of a specified act certain property "shall be forfeited," the forfeiture statute in this case is not mandatory. 21 U.S.C. § 881 provides that "[t]he following *shall be subject* to forfeiture to the United States * * * [emphasis added]." Because 21 U.S.C. § 881 is a permissive forfeiture statute, we find the doctrine of relation back inapplicable. *See United States v. Currency Totalling $48,-318.08,* 609 F.2d 210, 212–13 (5th Cir.1980). *Cf. United States v. One 56-Foot Motor Yacht Named Tahuna,* 702 F.2d 1276, 1279 (9th Cir.1983).

■ The government also argues that Meshbesher and Resnick lack standing to contest the forfeiture because of their failure to comply with the Assignment of Claims Act, 31 U.S.C. § 3727. The provisions in section 3727 are applicable to "assignment[s] of any part of a claim against the United States Government or of an interest in the claim." As Bulgatz did not assign a claim against the United States to Meshbesher and Resnick, but rather assigned his "interest in property adverse to the interest held by the United States," compliance with the Assignment of Claims

Act is not necessary. *See United States v. Currency Totalling $48,318.08, supra,* 609 F.2d at 213.

### Burdens of Proof

■ 21 U.S.C. § 881(a)(6) provides for the forfeiture of "[a]ll moneys * * * furnished or intended to be furnished by any person in exchange for a controlled substance * * *." Under 19 U.S.C. § 1615, which is made applicable to these proceedings by 21 U.S.C. § 881(d), the government has the initial burden of showing probable cause for the institution of the forfeiture suit. Once probable cause for believing that the property was involved in criminal wrongdoing is established, the burden shifts to the claimant to show that the property was not used in violation of the law. *See United States v. One 1977 Mercedes Benz,* 708 F.2d 444, 447 (9th Cir. 1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984); *United States v. $83,320 In United States Currency,* 682 F.2d 573, 576–77 (6th Cir.1982); *United States v. $364,960.00 In United States Currency,* 661 F.2d 319, 323–25 (5th Cir. 1981); *United States v. One 1972 Toyota Mark II VIN RT 63016188,* 505 F.2d 1162, 1164 (8th Cir.1974). We must accept the trial court's findings as to probable cause unless clearly erroneous. *United States v. Eighty-Eight Thousand, Five Hundred Dollars,* 671 F.2d 293, 296 (8th Cir.1982); *One 1961 Lincoln Continental Sedan v. United States,* 360 F.2d 467, 469–70 (8th Cir.1966).

### Admissibility of Evidence Seized From Bulgatz's Shoulder Bag

■ The government's ability to carry its initial burden of showing probable cause to believe the currency was involved in criminal wrongdoing is necessarily dependent upon the admissibility of evidence discovered in the search of Bulgatz's shoulder bag. Evidence derived from a search in violation of the fourth amendment is inadmissible in a forfeiture proceeding. *See One 1958 Plymouth Sedan v. Pennsylva-*

*nia,* 380 U.S. 693, 702, 85 S.Ct. 1246, 1251, 14 L.Ed.2d 170 (1965).

 On appeal, Meshbesher and Resnick argue that the evidence obtained in the search of Bulgatz's shoulder bag is inadmissible as the product of an illegal search. For want of a proper record, however, we have nothing to review. Meshbesher and Resnick did not move to have the evidence suppressed prior to the forfeiture hearing. At the hearing they did not object when the contents of the bag were made a part of the record, nor did they move to strike the evidence after it was admitted. Although they made a single, untimely objection that the bag had been "illegally seized without probable cause," they failed to obtain a ruling upon their objection. When an objection to the admissibility of evidence is made and the objecting party does not press the court for a ruling sustaining or overruling the objection, there is no error for review. We thus consider the evidence discovered in the search of Bulgatz's bag in reviewing the magistrate's probable cause determination.

*Probable Cause for Institution of the Forfeiture Proceeding*

 Our review of the record leads us to conclude that the magistrate's probable cause determination was not clearly erroneous and that, in fact, Bulgatz intended to travel to New York to furnish the $13,000 in exchange for a controlled substance. Bulgatz was observed at the Minneapolis airport carrying a tan shoulder bag, which was admittedly his, and he was in possession of an airline ticket for a flight that day to New York. Bulgatz's shoulder bag contained $13,000 cash and, among other things, plastic bags, tape, and rubber bands, which according to Agent Lewis are common materials used by narcotics violators. Prior to and on the day Bulgatz was observed at the Minneapolis airport, a number of toll calls had been placed from Bulgatz's residence to an apartment in New York. The apartment to which the phone calls were placed is the same apartment to which numerous toll calls were placed just prior to Bulgatz's November 1981 arrest for conspiracy to distribute cocaine. Circumstantial evidence indicates that Bulgatz, just prior to his November 1981 arrest, travelled to New York by airplane under a false name for the purpose of purchasing narcotic substances.

Because the government carried its burden of showing probable cause for institution of the forfeiture proceeding, it was incumbent upon Meshbesher and Resnick to show that the $13,000 in United States currency was not used in violation of the law. No evidence having been presented in this regard, we conclude that the currency was properly forfeited to the United States. We affirm.