UNITED STATES of America, Plaintiff,

v.

All Those CERTAIN LOTS, Pieces or Parcels of Land, with the Buildings and Improvements Thereon and the Appurtenances Thereunto Belonging, Lying, Situate and Being IN the CITY OF VIRGINIA BEACH, VIRGINIA, and Being KNOWN, Numbered and Designated AS LOTS EIGHTEEN (18) AND NINETEEN (19), IN BLOCK THREE (3), as Shown on That Certain Plat Entitled "Pinewood", and Said Plat Being Duly Recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia, in Map Book 7, at Page 132. It being the Same Property Conveyed to the Grantor Herein By Deed of Henry J. Reed, Jr. and Lyn H. Reed, Husband and Wife, Dated the 30th Day of May, 1979, and Duly Recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia, in Deed Book 1910 at Page 179, and more Particularly Described as 501 Lake Drive, Virginia Beach, Virginia, Defendant.

Civ. A. No. 86–369–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

April 3, 1987.

Larry W. Shelton, Asst. U.S. Atty., Norfolk, Va., for U.S.

Judi Cole, pro se.

Ray W. King, Jane Tucker, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for Life Federal Sav. and Loan Ass'n.

William S. Sands, Jr., White, Johnson & Lawrence, Norfolk, Va., guardian ad litem for Marcus Cole.

## ORDER

DOUMAR, District Judge.

This is a civil forfeiture action brought by the United States of America under 21 U.S.C. § 881, arising from the conviction for drug possession of Marcus A. Cole, owner of the property which is the subject of this suit.

Marcus Cole, his wife, Judi Cole, and the Life Federal Savings and Loan Association, lienholder on the subject property, have filed claims asserting an interest in the property. Claimants Marcus and Judi Cole also have asserted a counterclaim against the government for alleged violations of their constitutional rights. Because Mr. Cole has been incarcerated throughout these proceedings, he has been represented by a guardian ad litem, appointed by the Court in conformity with Va.Code § 8.01–9.

This matter comes before the Court on cross-motions for summary judgment of the government and claimant Marcus Cole. For the reasons stated, the motion for summary judgment of claimant Marcus Cole is GRANTED with respect to the complaint and DENIED with respect to the counterclaim. The government's motion for summary judgment is GRANTED as to the claimants' counterclaim, and in all other respects is DENIED.

## I. FACTUAL BACKGROUND

The facts in this case are simple and uncontroverted. On June 7, 1985, Charles Lapan, an informant working for the Drug Enforcement Agency (DEA), contacted Cole concerning the possible sale of twelve ounces of cocaine to acquaintances of Lapan. Unknown to Cole, these "acquaintances" were undercover agents of the DEA and Norfolk Police Department. Cole agreed to the sale. Lapan then asked to meet at Cole's house to conclude the transaction. Cole at first refused, but, upon Lapan's insistence, agreed. At about 6:30 p.m. that same day, Lapan arrived at Cole's house, where Cole showed him the cocaine, and packaged it at Lapan's request. Cole informed Lapan that he had just picked up the cocaine on his way from work. Lapan then left the residence, returning in about an hour to pick up the cocaine. Lapan and Cole then left the house.

On the way to the Norfolk Airport, where the proposed deal was to take place, Lapan and Cole stopped at a Seven-Eleven convenience store, where Cole was arrested. A subsequent search of Cole's house revealed no cocaine.

On September 12, 1985, Cole pled guilty to a one-count superseding information charging that on or about June 12, 1985, he unlawfully possessed with intent to distribute twelve ounces of cocaine, in violation of 21 U.S.C. § 841(a)(1). Subsequently, on May 29, 1986, the United States Attorney for the Eastern District of Virginia initiated forfeiture proceedings against Cole's house and real property pursuant to 21

U.S.C. § 881(a)(7). Cross-motions for summary judgment were then filed.

Following a hearing on the summary judgment motions on January 15, 1987, this Court noted that it would take the motions under advisement, but indicated that both parties should prepare for trial. Seeking to avoid the expense of a trial, the government requested a second hearing. At that time, the government conceded that it could prove only the one transaction on June 7, 1985, and that that single transaction was the only connection between the property sought to be forfeited and any criminal or drug-related activity. The government further acknowledged that there was no dispute as to any material fact before the Court.

## II. THE LEGAL STANDARD

21 U.S.C. § 881(a)(7) subjects to forfeiture "[a]ll real property ... which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment." Cole claims that his house was not "used ... to facilitate" the crime under the terms of the statute because there was not a substantial connection between the use of his house and the commission of the crime.

Courts have not determined what constitutes facilitation under § 881(a)(7), the provision at issue in this case. However, courts have interpreted a similar provision of the civil forfeiture statute. 21 U.S.C. § 881(a)(4) provides that "aircraft, vehicles, or vessels, which are used ... in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances]" may be subject to forfeiture. Many circuits have held that in order for property to be forfeited under this section, there must be a "substantial connection" between the property and the underlying criminal activity. *See United States v. One 1972 Chevrolet Corvette*, 625 F.2d 1026, 1029 (1st Cir.1980). *See also United States v. One 1976 Ford F–150 Pick-Up VIN Fl4YUB03797*, 769 F.2d 525, 527 (8th Cir.1985) ("substantial association" necessary); *United States v. One 1979 Porsche Coupe*, 709 F.2d 1424, 1426 (11th Cir.1983). Other circuits have explicitly rejected any requirement of a substantial connection, holding instead that use of property "in any manner" in connection with an illegal drug transaction is sufficient to justify forfeiture. *See United States v. 1964 Beechcraft Baron Aircraft*, 691 F.2d 725 (5th Cir.1982), *cert. denied*, 461 U.S. 914, 103 S.Ct. 1893, 77 L.Ed.2d 283 (1983); *United States v. One 1974 Cadillac Eldorado Sedan*, 548 F.2d 421, 423 (2d Cir.1977).

Although there is a split of authority as to whether a substantial connection is required, the Fourth Circuit seems to have adopted the substantial connection standard. In *United States v. 1966 Beechcraft Aircraft Model King Air*, 777 F.2d 947 (4th Cir.1985), a case not cited by any party, the Fourth Circuit considered whether a vehicle used to transport a drug conspirator to the scene of the crime was subject to forfeiture. The court explained that "[i]n resolving this dispute, the legislative history instructs that 'it is the intent of these provisions that property would be forfeited only if there is a substantial connection between the property and the underlying criminal activity.'" *Id.* at 953 (citation omitted). Noting that the private airplane is an "important tool of the drug trafficker," *id.*, the court found that "the use of an airplane ... to transport conspirators to an exchange site, establishes a 'substantial connection' between the conveyance and the criminal activity." *Id.*

The provision applied in *1966 Beechcraft* is essentially identical to the provision at issue in this case. Therefore, this Circuit seems to require a substantial connection before imposing a forfeiture.

Application of the substantial connection requirement comports with the legislative history of § 881(a)(7). The statute was passed for the sole purpose of closing a loophole in the civil forfeiture laws: the inability of the government to reach real property in forfeiture proceedings. The Senate Report on the proposed Comprehensive Crime Control Act of 1984 makes clear the purpose of the forfeiture provision.

Under current law, if a person uses a boat or car to transport narcotics or uses equipment to manufacture dangerous drugs, his use of the property renders it subject to civil forfeiture. But if he uses a secluded barn to store tons of marihuana or uses his house as a manufacturing laboratory for amphetamines, there is no provision to subject his real property to civil forfeiture, *even though its use was indispensable to the commission of a major drug offense* and the prospect of the forfeiture of the property would have been a powerful deterrent.

S.Rep. No. 225, 98th Cong., 1st Sess. 195, *reprinted in* 1984 U.S.Code Cong. & Ad. News 3182, 3378 (emphasis added). While § 881(a)(7) does not require that forfeited property be "indispensable to the commission of a major drug offense," Congress evidently did not intend the forfeiture statute to apply to property which has only an incidental or fortuitous connection to criminal activity.

■ This Court holds that, in conformity to *stare decisis* and the legislative history of § 881(a)(7), real property may be subject to forfeiture under this statute only where there is a substantial connection between the property and the underlying illegal transaction.

## III. APPLICATION

■ The claimant has established that the connection between the subject property and Cole's criminal activity was not substantial. The government has conceded for this motion that the only transaction in which Cole's house was even indirectly involved was that of June 7, 1985. Cole's affidavit, which is not contested, indicates that the cocaine was present in his house for a few hours at most. The drugs, along with a scale, were brought from Cole's place of work to his house on the day of the transaction, after the government informant insisted that Cole meet him there. There is no evidence that Cole used the house to store or hide drugs. He merely allowed the government informant to meet him there, and then only as a result of the informant's insistence.

This case is distinguishable from *1966 Beechcraft,* the only other Fourth Circuit case to discuss this issue. In *1966 Beechcraft,* the court noted that "the use of airplanes may make possible drug deals which very well might otherwise be impossible to complete." 777 F.2d at 953. The subject airplane in that case played an important role in the transaction. Here, the brief use of Cole's house was merely incidental to the transaction, and was not essential or even important to its completion. This Court further notes that courts have traditionally drawn a distinction between one's personal property and one's home, according the latter far greater protection under the law. *See, e.g., South Dakota v. Opperman,* 428 U.S. 364, 367–68, 96 S.Ct. 3092, 3096, 49 L.Ed.2d 1000 (1976).

The Court does admit that it is somewhat troubled by the *1966 Beechcraft* decision. Although the Fourth Circuit held that the government must prove, and did prove, a substantial connection, it appears that the connection between the subject property and the underlying transaction in that case was at the outer limits of what could be called "substantial." There also is the possibility that the court's adoption of the substantial connection standard was mere *obiter dicta.* Nonetheless, this Court feels constrained by the Fourth Circuit opinion in *1966 Beechcraft* to apply that standard as best it can. If the word "substantial" is to be given any meaning, the connection between Cole's house and the underlying transaction cannot be said to be substantial.

Accordingly, this Court finds that the subject property was not substantially connected to criminal activity, and is therefore not subject to forfeiture under 21 U.S.C. § 881.

## IV. CLAIMANT'S COUNTERCLAIM

■ Claimant Cole has filed a counterclaim against the government, alleging that its seizure of his property, pursuant to the procedures outlined in 21 U.S.C. § 881(b), was unconstitutional. Claimant contends that the seizure provision of Rule C of the Supplement Rules for Certain Admiralty and Maritime Claims violates the Fifth

Amendment in that it does not provide for judicial review prior to seizure.

Claimant's counterclaim may not be entertained by this Court. The counterclaim is asserted only against the United States. In a *Bivens*-type action, the United States is shielded from liability for damages by the doctrine of sovereign immunity.[1] *Radin v. United States*, 699 F.2d 681, 684–85 (4th Cir.1983). Insofar as claimant seeks declaratory and injunctive relief, that claim is rendered moot by this Court's ruling in favor of the claimant on the complaint.

V.  CONCLUSION

Claimant Marcus Cole's motion for summary judgment is GRANTED, and plaintiff's complaint is hereby DISMISSED. The motion of the United States for summary judgment with respect to claimant's counterclaim is GRANTED, and claimant's counterclaim is DISMISSED. Judgment is hereby entered for the defendant. The court costs attributable to this claim, including a reasonable guardian ad litem fee for claimant Marcus Cole's guardian ad litem, are to be borne by the plaintiff United States of America. The guardian ad litem shall submit a claim on or before April 13, 1987, setting forth a detailed explanation of time and expenses involved in the performance of his duties in this matter.

The Clerk is DIRECTED to send a copy of this order to the United States Attorney, to Mr. Marcus A. Cole, to Mrs. Judi A. Cole, to Ray W. King, Esq., and to Mr. William F. Sands, Jr., guardian ad litem for Marcus A. Cole.

IT IS SO ORDERED.

---

**1.** Because the counterclaim states no cause of action against the United States, this Court declines to add the proper parties to this suit. *See*

*United States v. Techno Fund, Inc.,* 270 F.Supp. 83, 85 (S.D.Ohio 1967).