UNITED STATES of America, Plaintiff,

v.

TWELVE THOUSAND FIVE HUNDRED
EIGHTY–FIVE AND NO/100THS
DOLLARS ($12,585.00) IN U.S. CUR-
RENCY, Defendant.

UNITED STATES of America, Plaintiff,

v.

PREMISES KNOWN AS 3639 SECOND
STREET, N.E., MINNEAPOLIS,
MINNESOTA, a parcel of real property
and all appurtenances thereto, legally
described as Lot 25, Block 110, Colum-
bia Heights Addition to Minneapolis,
Minnesota, and any and all proceeds
from the sale or transfer of such prop-
erty, Defendant.

Nos. CIVIL 4–85–693, CIVIL 4–87–285.

United States District Court,
D. Minnesota,
Fourth Division.

Sept. 22, 1987.

Jerome G. Arnold, U.S. Atty., and James
E. Lackner, Asst. U.S. Atty., Minneapolis,
Minn., for U.S.

John W. Lundquist, Peter Thompson,
Robert J. Sorensen, Thompson & Lund-
quist, Minneapolis, Minn., for David Free-
man.

John R. Wheaton, Mackall, Crounse &
Moore, Minneapolis, Minn., for TCF Bank-
ing & Sav., F.A.

MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on plain-
tiff's motion for summary judgment and

claimant's cross motion for summary judgment.

FACTS

This action involves forfeiture proceedings under 21 U.S.C. §§ 881(a)(6) and (7) instituted by the United States against certain property, namely $12,585 in currency and real property located at 3639 Second St. N.E. in Minneapolis, Minnesota belonging to David Freeman and allegedly used to facilitate Freeman's drug activities. Freeman has pled guilty to distribution of cocaine. Jurisdiction is proper under 28 U.S.C. §§ 1345 and 1355.

The investigation which led to Freeman's arrest and conviction began with a Ramsey County undercover operation into the drug activities of Anthony Bruzek. In January 1985 Bruzek twice sold cocaine to Stanley Johnson, a DEA Task Force undercover officer. Johnson Affidavit par. 4, 5. On February 6, 1983 Bruzek agreed to sell Johnson three ounces of cocaine the following day. Bruzek then phoned his source, David Freeman, and arranged to pick up two ounces of cocaine to which Bruzek would add an ounce of "cut" in order to complete the sale. Bruzek Aff. par. 6. Early on the morning of February 7, 1985 officers, including DEA Task Force member Seth Williams, established surveillance of Bruzek's residence, then followed Bruzek to a residence in Northeast Minneapolis which the officers believed to be either 3639 or 3637 Second Street Northeast. Williams Aff. par. 8, 10, 11. Bruzek entered the house where Freeman already had two ounces of cocaine weighed out on a scale; Bruzek then made an $1,800 down payment on the cocaine and returned home with the cocaine. Williams Aff. par. 12, Bruzek Aff. par. 7-8. Bruzek then left home, met Johnson at a Texaco gas station in Lino Lakes, Minnesota, and sold him the three ounces of cocaine in return for $7,200. Johnson Aff. par. 9.

After the transaction, Bruzek and his companion, Daniel Miller, were arrested. Johnson Aff. par. 10. After his arrest, Bruzek provided Johnson with a description of the residence in Northeast Minneapolis where his cocaine source lived which officers determined to be 3639 Second St. N.E., Minneapolis, Minnesota. Johnson Aff. par. 11, Williams Aff. par. 17. During a subsequent search of Bruzek's home on February 7, 1985, Bruzek's wife told Johnson that Bruzek's source was Freeman. Johnson Aff. par. 12.

On February 7, 1985 officers of the Hennepin County Sheriff's Department obtained and executed a state search warrant for 3639 Second St. N.E., Minneapolis, Minnesota in connection with suspected drug trafficking by Freeman. Williams Aff. par. 18. Freeman was one of three occupants of the house at the time of the search. During the search, $12,585 in U.S. currency was found in the pocket of a sportscoat which was hanging in a closet in Freeman's bedroom. Williams Aff. par. 20. Intermingled in the $12,585 of currency was $250 of official government funds used in Johnson's purchases of cocaine from Bruzek in January 1985. Johnson Aff. par. 15, Williams Aff. par. 21. The following eleven items were also found during the search:

A. A Sterling .380, clip loaded automatic handgun found on a coffee table in the living room.

B. An unloaded .9mm. semi-automatic pistol in a holster found in David Freeman's bedroom.

C. A loaded .38 caliber revolver found in David Freeman's bedroom.

D. Live and expended ammunition in David Freeman's bedroom.

E. An O'Haus triple beam scale.

F. A covered bowl containing 100 m.g. of white powder which was analyzed and found to be cocaine.

G. A Deering brand sifting device with a powder residue which was analyzed and found to be cocaine.

H. Three bottles labeled Inositol.

I. A baggie containing 8.5 g of white powder which was analyzed and found to be 16% cocaine as the free base.

J. A baggie with a balance pan, spoon, straw, razor blade and a bag with 1.5 g of white powder which was analyzed and found to be cocaine.

K. Miscellaneous drug paraphernalia and drug notes.

Williams Aff. par. 22. Also found during the search was a Certificate of Title which indicated that Freeman owned the house at 3639 Second St. N.E. Williams Aff. par. 23.

On February 8, 1985 criminal complaints were filed against Freeman, Bruzek and Miller alleging violations of 21 U.S.C. §§ 841(a) and 846. On March 6, 1985 the complaint against Freeman was dismissed on plaintiff's motion pending further investigation of issues. On April 1, 1985 Bruzek pled guilty to violations of 21 U.S.C. §§ 841(a)(1) and 846. Daniel Miller was found guilty by jury trial of a violation of 21 U.S.C. § 841(a)(1).

On May 14, 1985 plaintiff filed a verified complaint for forfeiture against defendant currency alleging that it was subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) (an amended complaint was filed on April 30, 1987). On June 13, 1985 Freeman filed a claim for the defendant currency. The forfeiture proceedings subsequently were stayed by agreement of the parties pending the outcome of criminal proceedings involving Freeman who ultimately was indicted on March 12, 1986 for violation of 21 U.S.C. §§ 841(a)(1) and 846. Subsequently Freeman pled not guilty and filed a motion to suppress the evidence seized at his home. This motion was denied on April 18, 1986. On May 9, 1986 Freeman entered a conditional guilty plea to violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 on the condition that he could appeal the denial of his suppression motion. Forfeiture proceedings were again stayed pending a decision on Freeman's appeal. On December 17, 1986 the United States Court of Appeals for the Eighth Circuit affirmed Freeman's conviction and upheld the denial of the suppression motion. *United States v. Freeman*, 807 F.2d 149 (8th Cir.1986).

On March 26, 1987 the Magistrate issued a seizure warrant for seizure of the defendant real property based on an affidavit of Williams who alleged the property was subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7). Plaintiff filed a verified complaint for forfeiture against defendant real property on March 30, 1987; the property was seized April 3, 1987. Claims for the defendant real property have been filed by Freeman and TCF Banking and Savings, F.A., as mortgage holder.[1]

Plaintiff now brings this motion for summary judgment as to plaintiff's complaint. Claimant brings a cross motion for summary judgment.

DISCUSSION

A movant is not entitled to summary judgment unless the movant can show that no genuine issue exists as to any material fact. Fed.R.Civ.P. 56(c). In considering a summary judgment motion, a court must determine whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The role of a court is not to weigh the evidence but instead to determine whether, as a matter of law, a genuine factual conflict exists. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987). In making this determination, the Court is required to view the evidence in the light most favorable to the nonmoving party and to give that party the benefit of all reasonable inferences that can be drawn from the facts. *AgriStor Leasing*, 826 F.2d 732, 734 (8th Cir.1987). When a motion for summary judgment is properly made and supported with affidavits or other evidence as provided in Fed.R.Civ.P. 56(c), then the nonmoving party may not merely rest upon the allegations or denials of the party's pleading, but must set forth specific facts, by affidavits or otherwise, showing that there is a genuine issue for trial. *Lomar Wholesale Grocery, Inc. v. Dieter's Gourmet Foods, Inc.*, 824 F.2d 582, 585 (8th Cir.1987). Moreover, summary judgment must be entered against a

1. Plaintiff concedes that TCF is an innocent lienholder within the meaning of 21 U.S.C. § 881(a)(7).

party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

## I. *$12,484 in Currency*

■ Title 21 U.S.C. § 881(a)(6) authorizes the forfeiture of "[a]ll moneys ... furnished or intended to be furnished by any person in exchange for a controlled substance ..., all proceeds traceable to such an exchange, and all moneys ... used or intended to be used to facilitate" illegal drug activities. Under 19 U.S.C. § 1615, which is made applicable here by 21 U.S.C. § 881(d), the government must initially show probable cause for the institution of forfeiture proceedings. Once probable cause is established, claimant bears the burden of proving the property was not used in violation of the law. *United States v. $13,000 in United States Currency,* 733 F.2d 581, 584 (8th Cir.1984); *see also One Blue 1977 AMC Jeep CJ–5 v. United States,* 783 F.2d 759, 761 (8th Cir.1986). Probable cause in a forfeiture proceeding is "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *United States v. One 1978 Chevrolet Impala,* 614 F.2d 983, 985 (5th Cir.1980); *see, e.g., $13,000 in United States Currency,* 733 F.2d at 585 (probable cause established where defendant observed at airport carrying shoulder bag later found to contain $13,000, materials commonly used by drug violator, *i.e.,* plastic bags, tapes, rubber bands, and defendant had recently placed phone calls to a residence he contacted prior to earlier cocaine distribution arrest); *United States v. $364,960.00 in United States Currency,* 661 F.2d 319, 321, 323–24 (5th Cir.1981) (probable cause established by cocaine, .32 caliber pistol with attached silencer, envelope containing hashish, pharmacist's scales, plastic bags with visible traces of cocaine and three suitcases containing money found in apartment).

In the case at bar, the Court finds persuasive the fact that $250 of government "buy money" was found intermingled in the $12,585 which is the subject of this forfeiture action. Probable cause " 'must be judged not with clinical detachment but with a common sense view to the realities of normal life.' " *United States v. Four Million, Two Hundred Fifty-five Thousand,* 762 F.2d 895, 904 (11th Cir.1985) *quoting Wilson v. Attaway,* 757 F.2d 1227, 1235 (11th Cir.1985). Applying such a common sense standard, the Court finds that the entire sum of money in question is related to illegal drug activity. Accordingly, the Court finds that the $12,585 is subject to forfeiture under 21 U.S.C. § 881(a)(6).

## II. *Forfeiture of Claimant's House*

■ Title 21 U.S.C. § 881(a)(7) provides for the forfeiture of real property "which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment...." In the case at bar, the Court must determine whether claimant Freeman used his house to "facilitate" illegal drug activity. Interpreting related sections of the forfeiture statute, some courts have adopted a liberal definition of facilitation. For example, in a case involving forfeiture of a vehicle under section 881(a)(4), the United States Court of Appeals for the Third Circuit, held that property which in any way tended to make drug trafficking easier "facilitated" illegal drug activity and was subject to forfeiture. *United States v. One 1977 Lincoln Mark V Coupe,* 643 F.2d 154, 157 (3d Cir.1981), *cert. denied,* 454 U.S. 818, 102 S.Ct. 97, 70 L.Ed.2d 88 (1981). *See also United States v. One 1980 BMW 320I,* 559 F.Supp. 382, 384 (E.D.N.Y.1983). This liberal interpretation, however, is not shared by the Eighth Circuit. In *United States v. One 1976 Ford F–150 Pick-Up Truck,* 769 F.2d 525, 527 (8th Cir.1985) the Eighth Circuit held that for property to be subject to forfeiture under section 881(a)(4), it must be substantially connected to the illegal activity. In that case, the court refused to allow forfeiture of a truck

which on one occasion was used in a marijuana operation. *Id.* at 527.

The legislative history of section 881(a)(7) indicates that courts should similarly require a substantial connection before ordering forfeiture of real property. Section 881(a)(7) adds real property to the list of property subject to forfeiture for the commission of drug offenses, and was intended merely to complete the civil forfeiture statute.

> Under current law, if a person uses a boat or car to transport narcotics or uses equipment to manufacture dangerous drugs, his use of the property renders it subject to civil forfeiture. But if he uses a secluded barn to store *tons of marijuana* or uses his house as a *manufacturing laboratory* for amphetamines, there is no provision to subject his real property to civil forfeiture, *even though its use was indispensable to the commission of a major drug offense* and the prospect of the forfeiture of the property would have been a powerful deterrent.

S.Rep. No. 225, 98th Cong., 1st Sess. 195, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3378 (emphasis added). The example and language used in the Senate report illustrate Congress' intent to subject real property to forfeiture only if the property is substantially connected to illegal drug activity.

In *United States v. Certain Lots in Virginia Beach,* 657 F.Supp. 1062, 1065 (E.D. Va.1987), a case with facts similar to the case at bar, the court refused to allow forfeiture of claimant's home based on one drug transaction. Applying the substantial connection test, the court held that despite the presence of drug-related items, evidence of only one transaction was insufficient to require forfeiture. *Id.*

The government argues that *Certain Lots* is distinguishable. The government states that in that case, drugs were present at the house only for a few hours, that the drugs and scale police found were only recently brought to the house, and that there was no evidence that the house was used to store drugs. *Certain Lots,* 657 F.Supp. at 1065, Plaintiff's Brief 18. Plaintiff states, however, that in the case at bar several facts combine to show a substantial connection: (1) Freeman conducted conversations with Bruzek on earlier occasions regarding larger drug transactions; (2) Freeman previously provided Bruzek with cocaine at the house for Bruzek's personal use; (3) a search of Freeman's house turned up drugs, drug paraphernalia, guns and ammunition, and a large amount of currency; and (4) the events surrounding Freeman's sale to Bruzek on February 7, 1985 which allegedly illustrate Freeman purposefully used his residence for drug transactions.

Claimant contends that *Certain Lots* should determine the outcome here. He states in his affidavit that he did not use his home or telephone for any other drug sales, and while admitting personal drug use, he declares that the evidence does not establish that he used his home to distribute drugs. Claimant thus argues that his home is not substantially connected to his drug activities.

As the Eighth Circuit has stated, "[f]orfeitures are not favored; they should be enforced only when within both the letter and spirit of the law." *United States v. One 1976 Ford Pick-Up Truck,* 769 F.2d at 527 *quoting United States v. One Ford Coach,* 307 U.S. 219, 226, 59 S.Ct. 861, 865, 83 L.Ed. 1249 (1939). Further, as the court noted in *Certain Lots,* "courts have traditionally drawn a distinction between one's personal property and one's home, according the latter far greater protection under the law." *Certain Lots,* 657 F.Supp. at 1065 *citing South Dakota v. Opperman,* 428 U.S. 364, 367–68, 96 S.Ct. 3092, 3096–97, 49 L.Ed.2d 1000 (1976). Although the government has produced evidence relating to the February 7, 1985 drug transaction, the Court has concluded that the government has not shown that claimant's home has been used in any continuing drug business. Nor has the government demonstrated that claimant's home is an intergral part of an illegal drug operation. Nor can the Court conclude, under all the facts, that the forfeiture of the house would be within the spirit or intent of the law.

Accordingly, the Court finds that the property in question was not substantially connected to claimant's illegal drug activity and therefore is not subject to forfeiture under 21 U.S.C. § 881(a)(7).

Based on the foregoing, and upon all the files, records and proceedings herein,

IT IS ORDERED that plaintiff's motion for summary judgment is granted as to the defendant currency.

IT IS FURTHER ORDERED that claimant's cross motion for summary judgment is granted as to the defendant real property.

LET JUDGMENT BE ENTERED ACCORDINGLY.