9 F.3d 1544
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence BRITT, Claimant-Appellant,
and
$1,014,509 in United States Currency; $2,279.97 in Various
United States Currency and Coin; One Parcel of Property,
located at 2307 Armstead Avenue; One Parcel of Property,
located at 450 Algonquin Road, Hampton, Virginia; One
Parcel of Property, located at 10 Waterview Point, Hampton,
Virginia; One Parcel of Property, located at 115 Bowen
Drive, Hampton, Virginia; One Parcel OF Property, /1123
41st Street, Newport News, Virginia; One Parcel of
Property, /1105 Faubus Drive, Newport News, Virginia; One
Parcel of Property, /1115 32nd Street, Newport News,
Virginia; One Parcel of Property, / 1212 31st Street,
Newport News, Virginia; Langley Federal Credit Union Bank
Account; First Virginia Bank of Tidewater Account; Naval
Air Federal Credit Union Account; Signet Bank, Account No.
0028873081; Signet Bank, Account No. 7540514416; Signet
Bank, Account No. 0030495055; Signet Bank, Account No.
0028867059; Signet Bank, Account No. 7261362755; Signet
Bank, Account No. 003049436; Eight Promissory Notes for
$50,000.00 EACH; Defendants,
 No. 91-7537.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 18, 1993.
Decided: November 16, 1993.
 
 MARYLAND EVERETT BRITT; SIGNET BANK/VIRGINIA, Claimants. Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.
 Clarence Britt, Appellant Pro Se.
 Mark Anthony Exley, Office of the United States Attorney, Norfolk, Virginia, for Appellee.
 Before HALL, NIEMEYER, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Clarence Britt appeals the forfeiture of over a million dollars in cash, bank accounts, promissory notes, and several parcels of real estate. We affirm.
 
 
 2
 After agreeing with a Drug Enforcement Agency informant to purchase eleven kilograms of cocaine, Britt was charged with one count of attempted possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) & 846 (1988), and one count of carrying a firearm during a drug trafficking crime in violation of 18 U.S.C.A. § 924(c) (West Supp. 1993). A search warrant was issued for Britt's personal residence. Items found at the search included $1,014,509 in United States currency; $2279.97 in United States currency and coin which was thought to have numismatic value; and approximately 780 pounds of marijuana and marijuana seeds. Evidence of ownership of the remaining property was also found.
 
 
 3
 A jury trial was held. After the Claimant's evidence was presented, the district court directed a verdict in favor of the Government with respect to all of the real property, the bank accounts, and eight promissory notes. The jury found for the Government with respect to the forfeiture of $1,014,509 and $2279.97. Britt appealed.
 
 
 4
 Appellate review of a district court's determination of probable cause in civil forfeiture proceedings is a question of law, United States v. 7715 Betsy Bruce Lane, 906 F.2d 110, 112 (4th Cir. 1990), reviewed de novo, United States v. $95,945.18, United States Currency, 913 F.2d 1106, 1110 n.6 (4th Cir. 1990).
 
 
 5
 In actions brought under 21 U.S.C. §§ 881(a)(6) and 881(a)(7) (1988), the government must show probable cause for its belief that a substantial connection exists between the seized property and drug activities criminalized by the statute. United States v. Thomas, 913 F.2d 1111, 1114 (4th Cir. 1990) (discussing § 881(a)(6)); United States v. Santoro, 866 F.2d 1538, 1542 (4th Cir. 1989) (discussing § 881(a)(7)). The burden then shifts to the claimant to establish by a preponderance of the evidence that the property is not linked to illegal drug activity. Thomas, 913 F.2d at 1114. If the claimant is not able to meet its burden, the government is entitled to forfeiture of the property based on the showing of probable cause. Id.
 
 
 6
 The properties found subject to forfeiture here fall into two categories: those found to facilitate drug trafficking (the currency and coin found at Britt's personal residence and the home itself) and those properties purchased with drug proceeds. The search of the house resulted in the seizure of cash and contraband. The discovery of these items along with a substantial amount of marijuana, and Britt's failure to counter the Government's evidence, is sufficient to show probable cause. See $95,945.18, United States Currency, 913 F.2d at 1111 (4th Cir. 1990) (fact that large amount of cash found showed probability of drug transaction); Thomas, 913 F.2d at 1117 (possession of large amounts of cash may be circumstantial evidence of drug trafficking).
 
 
 7
 The second category of property, items shown to be the proceeds of, or traceable to the proceeds of, drug transactions, includes the remaining real properties forfeited, bank accounts, and promissory notes. The Government submitted evidence of the Britt's joint tax return for the years 1979-1989. The returns reflect an average adjusted gross income of $31,001.03. Britt offered an affidavit stating that the funds were acquired prior to September 4, 1981. He also submitted his wife's income statements as a postal worker at trial to explain his assets of over two million dollars. Both the district court and the jury apparently found Britt's evidence not credible. These findings should not be disturbed. See Thomas, 913 F.2d at 1114 (where defendant's verifiable income cannot account for wealth and there is strong evidence that defendant is drug trafficker, probable cause to believe that wealth is product of trafficking or traceable to illegal activity as proceeds exists); United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989) (court is bound by jury's credibility determination); Pigford v. United States, 518 F.2d 831, 836 (4th Cir. 1975) (credibility findings are not subject to review).
 
 
 8
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented before the Court and argument would not aid the decisional process.
 
 AFFIRMED