**UNITED STATES of America, Plaintiff,**

**v.**

**TWENTY–EIGHT THOUSAND DOLLARS, ($28,000.00), Defendant.**

No. S 89–76 C (5).

United States District Court, E.D. Missouri, Southeastern Division.

Dec. 19, 1989.

Raymond Meyer, Asst. U.S. Atty., St. Louis, Mo., for plaintiff.

James M. Turnbow, Pelts, Stokley & Turnbow, Hayti, Mo., for defendant.

## JUDGMENT

LIMBAUGH, District Judge.

This case came on for trial before the Court November 24, 1989 and after the hearing, the Court announced from the bench, its finding in favor of the plaintiff. The following is a brief statement of findings of fact and conclusions of law supporting the Court's decision.

In this case, the government seeks to cause Twenty Eight Thousand and no/100 Dollars ($28,000.00) to be forfeited to it subject to the provisions of 21 U.S.C. § 881(a)(6) and 28 U.S.C. § 1355. Although the defendant is technically named as "$28,000.00", John Munro has intervened claiming that the money belongs to him and should not be forfeited to the United States.

On October 15, 1988 John Munro was driving a rented 1988 Ford Thunderbird vehicle south on I–55 in Pemiscot County, Missouri, when he was apprehended by a Missouri State Trooper because Munro was proceeding at 85 m.p.h.

Trooper Robert W. Hayes stated that Munro indicated that he was returning from Wichita, Kansas to his home in Miami, Florida.

From his vantage point, the trooper could see inside the car and observe clothes, soda cans, paper and debris scattered throughout the interior. Trooper Hayes inquired if he could search the vehicle and after Munro consented, the trooper did conduct a search. The search revealed some luggage or bags and contained therein were substances which were determined to be methamphetamine and phenylacetane. The trooper also found a bag containing marijuana and $20,000.00 in currency. Another $8,000.00 of currency was found in a different area of the vehicle. The currency was composed of $20.00, $50.00 and $100.00 dollar bills, plus eight $1,000.00 bills.

The trooper also found some cigarette butts, some black tar substance, white powder in a pen, some syringes and other drug paraphernalia.

Another trooper testified that the specific measurement of marijuana seized was 37 grams which he valued at $125.00. There was 210 grams of methamphetamine which he valued at approximately $12,000.00. Another gram of cocaine was valued at $100.00 plus three one-half grams of cocaine found at a different place in the vehicle valued at $300.00 and two milliliters of hashish for which no value was stated.

Munro was subsequently arrested and charged in Missouri state courts and ultimately entered into a plea bargaining arrangement whereby he entered a plea to a charge of speeding and possession of cocaine. Sentencing was pending at the time of trial of this case. The items found in the car were confiscated by the authorities and the money is the subject of this suit.

Munro testified on his own behalf and stated that he did consent to the search and seizure and at the time, he was addicted to cocaine and methamphetamine. He stated that he obtained the substances in Miami and after making bond, went into a detoxification program. He admitted to a 1980

California conviction of cultivating marijuana and admitted that a burn seen by the troopers on his arm was from an injection of drugs which caused discoloration.

Munro has been a resident of Miami since 1958 and has engaged in the business of buying and selling boats. In the last seven years he has had an annual income of $15,000.00 to $20,000.00. This annual income was for the years through 1986 and Munro had no income in 1987 and 1988.

Munro indicated that he spent $1,000.00 to $2,000.00 per year on drugs for personal consumption and as a result he had exhausted his savings to $20,000.00.

Munro testified as to the origin of the funds found in his vehicle indicating $20,000.00 was his remaining life savings and $8,000.00 was a gift from his sister. He stated that he determined there was an antique car sales agency near Kansas City, Missouri and he had taken his $20,000.00 plus the $8,000.00 from his sister and driven from Miami to Kansas City for the purpose of considering the purchase of a vehicle at the auction. He felt this type of vehicle could be sold in Miami for a price substantially greater than $28,000.00. Nonetheless, after arriving at the auction he found that the vehicle was not the quality he had anticipated and did not purchase it. He was on the way back from Kansas City going to Miami when he was apprehended by the Missouri State Troopers. In forfeiture actions, where property is claimed by any person, the burden of proof shall be upon such claimant provided that probable cause be first shown by the institution of such suit or action to be judged by the Court. 19 U.S.C. § 1615 and 21 U.S.C. § 881(d). After the government establishes probable cause, which this Court finds it did, the burden of proof shifts to the claimant, John Munro, to prove a defense to the forfeiture. 19 U.S.C. § 1615; *United States of America v. $13,000.00*, 733 F.2d 581 (8th Cir.1984).

This Court has jurisdiction and the currency involved is subject to seizure and forfeiture. 28 U.S.C. § 1355, 21 U.S.C. § 881(a)(6).

The Court finds that John Munro has not carried his burden in proving a defense to the forfeiture. The Court does not believe Munro's story setting out the ownership of the funds as well as the purpose for the trip to Kansas City. The testimony showed that drug users and dealers frequently have large amounts of currency with them to further their drug activities. In addition, they have drug paraphernalia and other items suggesting that the origin of funds comes from sources other than legitimate employment or business pursuits. As John Munro has indicated, he only made $15,000.00 to $20,000.00 for several years in the first part of the 1980s and earned nothing in 1987 and 1988. It is difficult for this Court to believe that he still had accumulated $20,000.00 of his own from legitimate sources and another $8,000.00 gift from his sister. Rather, the Court finds that the currency found was intended to be furnished or used in some way in exchange for a controlled substance or for some other drug-related enterprises and is therefore, proceeds traceable to such an exchange.

IT IS THEREFORE ORDERED that there was reasonable cause for the seizure to be made and a certificate of probable cause shall be issued pursuant to 28 U.S.C. § 2465.

IT IS FURTHER ORDERED therefore that judgment shall be entered in favor of the plaintiff as prayed for.