**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**ONE PARCEL OF REAL ESTATE LOCATED AT 7715 BETSY BRUCE LANE, SUMMERFIELD, NORTH CAROLINA, Defendant–Appellee.**

No. 88–5195.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 3, 1989.

Decided Feb. 27, 1990.

Richard Lee Robertson, Asst. U.S. Atty. (Robert H. Edmunds, Jr., U.S. Atty., Greensboro, N.C., on brief), for plaintiff-appellant.

Anthony Wayne Harrison, Sr., Greensboro, N.C., for defendant-appellee.

Before ERVIN, Chief Judge, BUTZNER, Senior Circuit Judge, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.

PER CURIAM:

This is an appeal from a civil forfeiture proceeding brought by the government pursuant to 21 U.S.C.A. §§ 881(a)(4), (a)(6), and (a)(7) (West 1987) against James Ray Modlin. The government alleged that Modlin used his house, car, and $3,300 in currency to facilitate the possession of cocaine with the intent to distribute. The lower court held that the car was properly forfeited to the United States but that the government failed to establish probable cause that the property and money facilitated the possession of more than one ounce of cocaine. The government brings this appeal to challenge the court's holding with respect to the real property involved in this case. We reverse the lower court holding with respect to the house because we find that the government showed probable cause that Modlin used the property to facilitate the possession of cocaine with the intent to distribute.

I.

The civil forfeiture statute provides that certain items which are used or intended to be used to facilitate a violation of Title 21 are subject to forfeiture. Real property is subject to forfeiture under the statute if the underlying criminal activity is punishable by more than one year's imprisonment. 21 U.S.C.A. § 881(a)(7).

■ In a civil forfeiture proceeding the government must show probable cause that the property is subject to forfeiture. Once the government has made this showing, the burden shifts to the claimant to prove by a preponderance of the evidence "that the factual predicates for forfeiture have not been met." *United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1160 (2d Cir.1986); *United States v. Premises and Real Property at 4492 South Livonia Rd., Livonia, N.Y.*, 889 F.2d 1258, 1267 (2d Cir. 1989). The claimant must prove that the property was not unlawfully used or that he did not know about or consent to the illegal use. *Property at 4492 South Livonia Rd., Livonia*, 889 F.2d at 1267. If the claimant cannot produce any such evidence, summary judgment is properly granted to the government based upon its showing of probable cause. *Id.* Unlike criminal forfeiture cases, conviction for the underlying criminal activity is not a prerequisite for forfeiture of the property. In civil forfeiture cases, property is subject to forfeiture

"even if its owner is acquitted of—or never called to defend against—criminal charges." *United States v. Property Identified as 3120 Banneker Dr., N.E., Washington, D.C.,* 691 F.Supp. 497, 499 (D.D.C.1988); *see also United States v. One Clipper Bow Ketch NISKU,* 548 F.2d 8, 10 n. 2 (1st Cir.1977).

The evidence before the court in this case included records and testimony showing that James Modlin purchased property located at 7715 Betsy Bruce Lane, Guilford County, North Carolina, in 1983. Kathy Gallman, Modlin's ex-wife, lived with Modlin in the house on Betsy Bruce Lane from the summer of 1983 until December 1984. Modlin and his wife and a group of four or five friends regularly gathered at Modlin's residence to consume cocaine.

Kathy Gallman and several members of the group that met at the Modlins' to snort cocaine described the activities which occurred at the house. She testified that during the time she lived with Modlin she saw him take cocaine in plastic bags from a rolltop desk during social gatherings with guests. She saw him weigh the cocaine on triple beam scales and give it to guests. Sometimes Modlin put the cocaine in sandwich bags and took it to parties where cocaine was snorted.

Witness Jerry Sherron testified that Modlin supplied cocaine in plastic sandwich bags to guests at his residence. Sherron saw Modlin retrieve the cocaine from the rolltop desk in the living room.

Witness Dickie Beggs also snorted cocaine with Modlin at Modlin's residence. And Modlin sold Beggs cocaine during a trip to Myrtle Beach in Modlin's 1985 Cadillac Fleetwood. Beggs stated that he saw social use by Modlin and his friends of 1 gram quantities of cocaine around Christmas 1984.

Drug Enforcement Agent Robert Ingram also testified for the government. Ingram conducted an investigation of Modlin for alleged possession and distribution of a controlled substance from February 1986 until April 1986. Ingram retrieved plastic sandwich bags, four ounce bottles of Inositol (a common cutting agent for cocaine), and plastic bags with the corners removed from Modlin's trash can. Ingram sent some of the plastic bags retrieved from the trash to the Drug Enforcement Agent lab where they tested positive for traces of cocaine.

Ingram and other law enforcement officials searched Modlin's house on May 8, 1988. They found marijuana in a vase in the living room, a gram of cocaine in Modlin's Cadillac, a bottle of Inositol in a bedroom and another beneath the kitchen sink, and a set of triple beam scales in the living room and another in the kitchen. The scales had cocaine residue on them. There was also cocaine residue on paper taken from a vanity, on a plastic bag retrieved from the trash, on a briefcase and a plastic bag found inside the briefcase, on a plastic bag retrieved from a bank bag found in the rolltop desk and on a safe found underneath the house.

The district court held that the government failed to show probable cause that the house was subject to forfeiture because the government only offered evidence of traces of cocaine. The court stated that the evidence and testimony only indicated social consumption of an unknown quantity and thus did not establish a substantial connection between the commission of a criminal offense and the real estate.

II.

■ This court reviews a district court probable cause determination in a civil forfeiture proceeding as a question of law. *United States v. 1982 Yukon Delta Houseboat,* 774 F.2d 1432, 1434 (9th Cir.1985). Probable cause has been defined as reasonable grounds for belief of guilt, supported by less than *prima facie* proof but more than mere suspicion. *Id.* *See also United States v. One 1979 Mercury Cougar XR-7 VIN: 9H93F720727,* 666 F.2d 228, 230 n. 3 (5th Cir.1982).

■ In order for the court to find probable cause that the house was used or was intended to be used to facilitate a crime, the evidence must demonstrate that there was a substantial connection between the

property and the underlying criminal activity. *See United States v. Santoro*, 866 F.2d 1538, 1542 (4th Cir.1989); *United States v. Certain Lots in City of Virginia Beach, Virginia*, 657 F.Supp. 1062, 1064 (E.D.Va.1987). In *Santoro*, the repeated use of property as a situs for conducting drug sales established the connection. However, we noted in that case that a single felony drug violation which is punishable by more than one year's imprisonment is all that is needed to trigger section 881(a)(7).

■ Title 21 U.S.C. § 841(a)(1) prohibits not only the sale of controlled substances, but also "participation in any aspect of the chain of their distribution—from manufacture to delivery." *United States v. Elliot*, 849 F.2d 886, 889 (4th Cir.1988). In this case we have testimony that Modlin distributed cocaine in his house on a number of occasions and testimony indicating that he used his house to store, prepare, package and consume cocaine. We also have evidence that drug paraphernalia were seized from the house. Probable cause can be established "on the basis of such circumstantial evidence, even when no actual transaction was witnessed." *Property at 4492 South Livonia Rd., Livonia*, 889 F.2d at 1269. The fact that only trace amounts of cocaine were found in the house does not prevent a finding of probable cause that Modlin distributed cocaine or used his house to facilitate a violation of Title 21. The government is entitled to the reasonable inferences to be drawn from the evidence.

This case is unlike *United States v. Certain Lots in Virginia Beach*, 657 F.Supp. at 1065, in which the evidence showed that cocaine was present in the claimant's house for only a few hours at most and that the drugs were only at the house because the government informant insisted that the claimant meet him there. In *Certain Lots* there was no evidence that the claimant used his house to store or hide drugs.

### III.

The government argues that the lower court erred by refusing to credit the testimony of Kathy Gallman, by refusing to admit an affidavit which contained statements from people interviewed by Agent Ingram, by excluding bank records seized from the house showing that Modlin entered a lock box the day after police searched his house, and by excluding evidence that Modlin distributed drugs on the property prior to October 12, 1984, the date section 881(a)(7) went into effect. We agree that the trial court abused its discretion when it excluded this evidence.

■ The court stated that it refused to consider Gallman's testimony because she admitted that she felt pressured by the government to specify the amounts of cocaine which she saw at the house. Evidence of coercion affects the credibility of a witness's testimony but not its admissibility. *Wilcox v. Ford*, 813 F.2d 1140, 1148–49 (11th Cir.), *cert. denied*, 484 U.S. 925, 108 S.Ct. 287, 98 L.Ed.2d 247 (1987). Because the court erred in its analysis of the admissibility of the evidence, we find that it was an abuse of discretion to exclude this testimony from consideration.

■ The court excluded an affidavit prepared by Agent Ingram and bank records found in Modlin's house because these documents contained hearsay. This was also error because hearsay evidence may be considered in a probable cause determination. *1982 Yukon Delta Houseboat*, 774 F.2d at 1434. As explained in *1982 Yukon Delta Houseboat*, "the question of probable cause does not depend upon the admissibility of the evidence upon which the government relies, but only upon the legal sufficiency and reliability of the evidence." *Id.; see also United States v. One 56–Foot Motor Yacht Named the Tahuna*, 702 F.2d 1276, 1283 (9th Cir.1983).

■ The court also excluded evidence that Modlin distributed drugs on the property before October 12, 1984, because it was outside the statutory period. The government argues that this evidence was relevant to show the context and setting of the underlying felony drug violation. We hold this evidence was relevant and was improperly excluded.

## IV.

Under section 881(a)(7), once the government has established probable cause for forfeiture, the burden "shifts to the claimant to demonstrate by a preponderance of the evidence that the property is not subject to forfeiture." *Santoro*, 866 F.2d at 1544. We thus reverse the district court order which provides for the return of the house because we find that the government demonstrated probable cause for forfeiture. We remand this case with instructions to the court to consider the government's excluded evidence and to allow Modlin to present evidence to show that his house was not used or intended to be used to violate Title 21.

REVERSED AND REMANDED.