946 F.2d 887
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Bonita Jones LOWRY, Claimant-Appellant,
and
One Tract of Real Property and All Appurtenances and
Improvements Thereto, located in Pembroke Township, Robeson
County, North Carolina, being titled in the name of Jonathan
Lowry (Tract 1), One Tract of Real Property and All
Appurtenances and Improvements Thereto, located in Pembroke
Township, Robeson County, North Carolina, and being titled
in the names of Jonathan Lowry and Wife, Bonita Lowry (Tract
3), One Tract of Real Property and All Appurtenances and
Improvements Thereto, located in Raft Swamp Township,
Robeson County, North Carolina, and being titled in the name
of James Carlie Maynor (Tract 2), One Tract of Real Property
and All Appurtenances and Improvements Thereto, located in
Raft Swamp Township, Robeson County, North Carolina, and
being titled in the name of James Carlie Maynor (Tract 4),
One Tract of Real Property and all Appurtenances and
Improvements Thereto, located in Raft Swamp Township,
Robeson County, North Carolina, and being titled in the name
of Low-Man Investments, Incorporated, a North Carolina
Corporation (Tract 5), Defendants.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jonathan LOWRY, Claimant-Appellant,
and
One Tract of Real Property and All Appurtenances and
Improvements Thereto, located in Pembroke Township, Robeson
County, North Carolina, being titled in the name of Jonathan
Lowry (Tract 1) One Tract of Real Property and All
Appurtenances and Improvements Thereto, located in Pembroke
Township, Robeson County, North Carolina, and being titled
in the names of Jonathan Lowry and Wife, Bonita Lowry (Tract
3), One Tract of Real Property and All Appurtenances and
Improvements Thereto, located in Raft Swamp Township,
Robeson County, North Carolina, and being titled in the name
of James Carlie Mayor (Tract 2), One Tract of Real Property
and All Appurtenances and Improvements Thereto, located in
Raft Swamp Township, Robeson County, North Carolina, and
being titled in the name of James Carlie Maynor (Tract 4),
One Tract of Real Property and All Appurtenances and
Improvements Thereto, located in Raft Swamp Township,
Robeson County, North Carolina, and being titled in the name
of Low-Man Investments, Incorporated, a North Carolina
Corporation (Tract 5), Defendants.
 No. 91-7522.
 United States Court of Appeals, Fourth Circuit.
 Argued Aug. 1, 1991.
Decided Oct. 7, 1991.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Wallace Wade Dixon, Magistrate Judge. (CA-88-11-3-DIV-DI)
 Argued: James R. Willis, Willis & Blackwell, Cleveland, Ohio, for appellants.
 Stephen Aubrey West, Assistant United States Attorney, Raleigh, N.C, for appellee.
 On Brief: Joseph H. Blackwell, Willis & Blackwell, Cleveland, Ohio, for Appellants.
 Margaret Person Currin, United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 A jury convicted Jonathan Lowry of all counts of an indictment which charged him with offenses that stemmed from possession and distribution of cocaine and marijuana. His wife, Bonita Lowry, was convicted of conspiracy to distribute marijuana and cocaine. The Lowrys appealed from a district court order which forfeited the couple's marital residence and a garage and body shop to the federal government under 21 U.S.C. § 881(a)(7). Because we find that the government established probable cause that the real estate was subject to forfeiture and because we find that the magistrate judge's determination that Bonita Lowry was a willing participant with her husband in the drug ventures is not clearly erroneous, we affirm the district court's order of forfeiture.
 
 
 2
 The civil forfeiture statute provides that certain items which are used or intended to be used to facilitate a violation of Title 21 are subject to forfeiture. Real property is subject to forfeiture under the statute if the underlying criminal activity is punishable by more than one year's imprisonment. 21 U.S.C. § 881(a)(7).
 
 
 3
 In a civil forfeiture action, once the government has shown probable cause that the property is subject to forfeiture the burden shifts to the claimant to prove by a preponderance of the evidence "that the factual predicates for forfeiture have not been met." United States v. One Parcel of Real Estate, 906 F.2d 110, 111 (4th Cir.1990), quoting United States v. Banco Cafetero Panama, 797 F.2d 1154, 1160 (2d Cir.1986). The claimant must prove that the property was not unlawfully used or that he did not know about or consent to the illegal use. Id. If the claimant cannot produce any such evidence, summary judgment is properly granted to the government. Id.
 
 
 4
 This Court reviews a district court probable cause determination in a civil forfeiture proceeding as a question of law. Id. at 112. In order for the court to find probable cause that the property was used or was intended to be used to facilitate a crime, the evidence must demonstrate that there was a substantial connection between the property and the underlying criminal activity. Id. at 112-13; see United States v. Santoro, 866 F.2d 1538, 1542 (4th Cir.1989).
 
 
 5
 Hearsay evidence may be considered in a probable cause determination. United States v. One Parcel of Real Estate, 906 F.2d at 113. The question of probable cause does not depend upon the admissibility of the evidence upon which the government relies, but only upon the legal sufficiency and reliability of the evidence. United States v. 1982 Yukon Delta Houseboat, 774 F.2d 1432, 1434 (9th Cir.1985).
 
 
 6
 Testimony from government witnesses supports the district court's conclusion that probable cause existed for the forfeiture of both parcels of property. A police officer confirmed that the coconspirators held planning sessions at the residence, that they counted and divided the money derived from drug sales there, and that Bonita Lowry was present. The officer also confirmed that drugs were delivered to both the residence and the body shop and that Lowry distributed cocaine from the body shop. The coconspirators substantially confirmed the police officer's testimony. Testimony from a Florida supplier confirmed that a conversation regarding drugs took place in an automobile in which Bonita Lowry was present. That witness also testified that he had spoken with Bonita Lowry on the telephone and, although his message was cryptic, there was reason to believe that she understood that the purpose of his call was to arrange a delivery of drugs to her husband.
 
 
 7
 Bonita Lowry testified at the forfeiture hearing, but her comments in regard to drug distribution consisted of simple, general denials of knowledge of or participation in the drug conspiracy. General denials are insufficient to rebut the government's probable cause showing. See United States v. Parcels of Real Property, 913 F.2d 1, 4 (1st Cir.1990) (general denials are insufficient to rebut government's probable cause showing); United States v. One 107.9 Acre Parcel of Land, 898 F.2d 396, 398-99 (3d Cir.1990) (self-serving, uncorroborated testimony from wife-claimant is not sufficient to rebut government's probable cause showing of substantial and protracted involvement in drug trade with husband).
 
 
 8
 Based on the evidence presented, the finding of fact that Bonita Lowry was "a willing participant with her husband and the others in their interstate drug venture" is not clearly erroneous. Therefore, the court did not err in holding that she failed to demonstrate by a preponderance of the evidence that she did not have knowledge of the drug conspiracy which subjected her real property to forfeiture.
 
 
 9
 Appellants assert that they were denied due process because the magistrate judge improperly relied on hearsay "that was remote, and of the rankest sort" in its forfeiture decree. They contend that the court could not consider testimony from the investigating police officer which contained some hearsay statements. However, the appellants offer no sufficient reason to attack the reliability of the hearsay. They attack only the hearsay nature of the disputed evidence. This is insufficient. See United States v. One Parcel of Real Estate, 906 F.2d at 113.
 
 
 10
 For the above reasons, we affirm the district court's forfeiture order.
 
 
 11
 AFFIRMED.