963 F.2d 368
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Herman M. VIA, Sr., Claimant-Appellant,
and
ONE 1982 CADILLAC ELDORADO, VIN 1G6AL5788CE649947, Defendant.
 
 No. 92-1089.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 8, 1992
Decided: May 26, 1992
 Herman M. Via, Sr., Appellant Pro Se.
 Richard Albert Lloret, Office of the United States Attorney, Roanoke, Virginia, for Appellee.
 Before RUSSELL, WIDENER, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Herman M. Via, Sr., appeals from the district court's grant of summary judgment resulting in the forfeiture of his 1982 Cadillac Eldorado. He contends that the use of the Cadillac to facilitate the sale of drugs was a disputed fact, and that the district court therefore erred in granting summary judgment. We agree and, accordingly, vacate the district court's judgment.
 
 
 2
 In support of its motion for summary judgment, the Government submitted the affidavit of Special Agent David High of the Drug Enforcement Administration. Special Agent High stated that Via drove to a meeting with him in the 1982 Cadillac at issue, and that the sole purpose of that meeting was to discuss a future drug exchange of 420 pounds of marijuana at $425.00 per pound. This affidavit is sufficient to establish probable cause that the Cadillac was used to facilitate the sale of marijuana, and thus was subject to forfeiture under 21 U.S.C. § 881 (1988 & Supp. II 1990). Cf. United States v. 1966 Beechcraft Aircraft Model King Air A90, 777 F.2d 947, 953 (4th Cir. 1985) (forfeiture justified where vehicle used to transport conspirators to site of exchange). Upon submission of the High affidavit, Via bore the burden of submitting evidence that the Cadillac was not used to facilitate drug sales. United States v. 7715 Betsy Bruce Lane, 906 F.2d 110, 111 (4th Cir. 1990).
 
 
 3
 Via met this burden by submitting an affidavit denying the allegations of Special Agent High. The Government contends that Via's affidavit is insufficient because it does not contain specific facts contravening the allegations in the High affidavit. If the Government had submitted evidence other than High's affidavit showing that the Cadillac had been used, then Via's denials may not have been sufficient to create a genuine issue of fact. It did not. The only evidence thus was the competing affidavits of High and Via, and although Via's affidavit is unartfully phrased, he does clearly deny High's allegations that the Cadillac was used to facilitate a drug sale. Because any determination of what happened thus required weighing the credibility of the affiants, summary judgment was inappropriate. Gray v. Spillman, 925 F.2d 90, 95 (4th Cir. 1991).
 
 
 4
 In addition to the High affidavit, the Government made several references to count one of the indictment to which Via pled guilty. Count one makes no reference to the Cadillac. Even if it did, the indictment is not evidence. In addition, the indictment has no collateral estoppel effect because the plea bargain specifically noted that the forfeiture of the Cadillac was contested. See United States v. Wight, 839 F.2d 193, 196 (4th Cir. 1987) (only issues in information necessary to the conviction agreed to in the plea bargain have collateral estoppel effect).
 
 
 5
 The Government also referred to the affidavit of Donald O. Lincoln, Jr., in which Lincoln states "the affiant and the other reporting officers have observed Herman Via, Sr. operating a number of expensive luxury automobiles during the course of his trafficking, including a Cadillac Eldorado, a late model Chevrolet Corvette and a customized Ford van." Lincoln's statement regarding other officers' observations is hearsay. Fed. R. Evid. 801. It may be subject to a hearsay exception, but not on this limited foundation. Because Lincoln does not distinguish between his own and other officers' observations, his statement regarding the Cadillac must be presumed inadmissible and thus cannot be the basis for granting summary judgment. Fed. R. Civ. P. 56(e).
 
 
 6
 Finally, Via contends that his plea bargain proscribes any action for forfeiture of the Cadillac. This same issue was before the Court in a previous appeal brought by Via from the district court's denial of relief pursuant to 28 U.S.C. § 2255 (1988). United States v. Via, No. 91-7173, 1992 U.S. App. LEXIS 580 (4th Cir. Jan. 17, 1992) (unpublished), aff'g No. 91-54-R (W.D. Va. July 8, 1992) (unpublished). In that case, Via sought to have his guilty plea set aside because the government had breached the plea agreement by bringing the forfeiture action. We find that the plea bargain did not proscribe this action.
 
 
 7
 The district court's judgment is vacated and this matter is remanded for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED