974 F.2d 1333
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Walter Mack ROBERTS, Claimant-Appellant,
and
ONE 1984 FORD PICKUP TRUCK, Vin FTEF14F7ENA08633, Defendant.
 
 No. 91-6046.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 7, 1992
Decided: September 3, 1992
 Russell Lyway McLean, III, MCLEAN & DICKSON, P.A., Waynesville, North Carolina, for Appellant.
 B. Frederic Williams, Jr., Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 Thomas J. Ashcraft, United States Attorney, Charlotte, North Carolina, for Appellee.
 Before WIDENER, Circuit Judge, BUTZNER, Senior Circuit Judge, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Walter Mack Roberts appeals from an order of the United States District Court for the Western District of North Carolina entering summary judgment in favor of the United States in this civil forfeiture proceeding against Roberts' 1984 Ford pickup truck. We are of opinion that the government made a sufficient showing of probable cause for forfeiture, and that Roberts failed to carry the resulting burden of raising a triable issue of fact regarding the propriety of the forfeiture. Accordingly, we affirm the judgment of the district court.
 
 
 2
 On May 1, 1989, a federal grand jury returned an eight-count indictment charging Roberts and two co-defendants with the manufacture and transfer of firearm silencers in violation of 26 U.S.C. § 5861. Roberts ultimately pleaded guilty to one count of that indictment.
 
 
 3
 The government commenced the instant civil action on June 16, 1989, seeking to forfeit Roberts' 1984 Ford pickup truck on the grounds that the vehicle was used in the transportation, concealment, or sale of the contraband silencers. The government's complaint for forfeiture was accompanied by the statements of John P. Mahoney, a Special Agent of the Bureau of Alcohol, Tobacco and Firearms (ATF) involved with the investigation of Roberts, and William E. Peters, a private citizen who took part in the ATF investigation. In his statement Peters recounted his dealings with Roberts, which culminated in the purchase of a silencer. In particular, Peters stated that at one point Roberts had placed a rifle and silencer in the cab of the defendant truck following a demonstration of the silencer. Though Peters had not sworn to his statement, the complaint and attached statements were verified by Special Agent Mahoney. On the strength of that verified complaint, the United States Magistrate found probable cause for a forfeiture and issued a warrant for arrest in rem.
 
 
 4
 Roberts and the government, in turn, filed cross motions for summary judgment. At summary judgment the government relied primarily on the force of the contents of Mahoney's verified complaint and the magistrate judge's probable cause finding. Later the government supplemented its summary judgment motion with the affidavit of Donald Miller, who was Roberts' co-defendant under the indictment of May 1, 1989. Miller's affidavit alleged that Roberts, while attempting to sell Miller a silencer, produced a .22 caliber rifle equipped with a silencer from the cab of the defendant truck. According to Miller, the attempted sale occurred in the parking lot of Champion Paper Company near Waynesville, North Carolina, where Roberts and Miller were employed and were working the 3:00 p.m. to 11:00 p.m. shift.
 
 
 5
 Roberts initially supported his motion for summary judgment by filing his own affidavit, in which he stated only that "[t]o the best of my information and belief, at no time have silencers ever been transported in [the defendant truck] by myself or any other person or persons." In addition to this general denial, Roberts later filed an affidavit responding specifically to the allegations in Miller's statement. Roberts denied that the incident described by Miller ever took place, and he attached to the affidavit timekeeping records from the Champion Paper Company purporting to show that Miller and Roberts never worked the 3:00 p.m. to 11:00 p.m. shift together during the May-December period of 1988.
 
 
 6
 The case was referred to the United States Magistrate, who on November 18, 1990 issued a memorandum and recommendation. The magistrate judge found that the government had carried its burden of establishing probable cause for forfeiture of the defendant truck, and that Roberts had failed to come forward with affirmative evidence sufficient to raise a genuine issue of fact as to whether the truck had been used to store or transport the illegal silencers. Over Roberts' objection, the district court adopted the magistrate judge's recommendation and entered a judgment of forfeiture. This appeal followed.
 
 
 7
 The government in this case proceeded under 49 U.S.C. §§ 781 and 782, which provide for the seizure and forfeiture of any vehicle used "to transport, carry, or convey any contraband article." Firearms silencers fall within the statutory definition of"contraband articles", as they are considered "firearm[s], with respect to which there has been committed any violation of any provision of the National Firearms Act or any regulation issued pursuant thereto." 49 U.S.C. § 781(b)(2); see also 26 U.S.C. §§ 5841, 5845(a)(7).
 
 
 8
 The government in a civil forfeiture proceeding enjoys a favorable allocation of the burden of proof. That burden is set out in 19 U.S.C. § 1615, which provides, in pertinent part, that "[i]n all suits or actions ... brought for the forfeiture of any ... vehicle ..., where the property is claimed by any person, the burden of proof shall lie upon such claimant ...; Provided, That probable cause shall be first shown for the institution of such suit or action." 19 U.S.C. § 1615 (emphasis in original). Thus, the government establishes its right to forfeiture simply by showing probable cause. "Once the government has made this showing, the burden shifts to the claimant to prove by a preponderance of the evidence 'that the factual predicates for forfeiture have not been met.' " United States v. 7715 Betsy Bruce Lane Summerfield, N.C., 906 F.2d 110, 111 (4th Cir. 1990) (quoting United States v. Banco Caferto Panama, 797 F.2d 1154, 1160 (2d Cir. 1986)); see also United States v. One 56-Foot Motor Yacht Named Tahuna, 702 F.2d 1276, 1281 (9th Cir. 1983) (holding probable cause showing "is sufficient by itself to warrant a forfeiture").
 
 
 9
 On appeal Roberts does not squarely challenge the magistrate judge's finding of probable cause for forfeiture or the district court's acceptance of that finding. Rather he focuses on the entry of summary judgment in favor of the government, arguing that the district court erred in holding that he had failed to come forward with affirmative evidence sufficient to avert summary judgment in favor of the government. His chief complaint regarding the summary judgment, however, concerns the government's reliance on the verified complaint of Special Agent Mahoney, which contained the statement of Peters.
 
 
 10
 Because this argument is more properly directed at the sufficiency of the probable cause showing, we so treat it.
 
 
 11
 The probable cause showing required of the government in a civil forfeiture action is similar to that required for the issuance of a search warrant. See Tahuna, 702 F.2d at 1281. Here the government must show that it had reasonable grounds to believe that Roberts used the defendant truck to transport the contraband silencers, and that its belief was "supported by less than prima facie proof but more than mere suspicion." 702 F.2d at 1282. We review the sufficiency of a probable cause finding only for clear error, and we must give "great deference" to the magistrate judge's finding. United States v. Jones, 913 F.2d 174, 176 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3482 (1991).
 
 
 12
 Roberts asserts that the government's probable cause showing was insufficient in that it was based in part on the statement of William Peters, which appeared as part of Special Agent Mahoney's verified complaint for forfeiture. In his statement Peters maintains that Roberts, after demonstrating a silencer, placed a rifle with silencer attached into the defendant truck. Roberts correctly notes that, while the complaint as a whole was verified by Special Agent Mahoney, Peters did not swear to his own statement and thereby make it an independent affidavit.* Roberts thus argues that the magistrate judge and district court improperly relied upon Peters' statement in finding probable cause for forfeiture.
 
 
 13
 We find this argument to be without merit. It is well established, both in the forfeiture and search warrant settings, that a finding of probable cause may be based on reliable hearsay. See, e.g., Franks v. Delaware, 438 U.S. 154, 165 (1978); Tahuna, 702 F.2d at 1283 ("The question of probable cause depends not upon the admissibility of the evidence upon which the government relies but only upon the legal sufficiency and reliability of the evidence."). The complaint for forfeiture here was properly sworn to by an ATF agent who was involved in an undercover operation aimed at Roberts and his associates in the business of manufacturing silencers. Therefore, that the magistrate judge was amply justified in considering the whole of the verified complaint for forfeiture, including Peters' statement, is clear.
 
 
 14
 We likewise are satisfied that probable cause was established by a sufficient factual basis. In his statement Special Agent Mahoney recites in great detail his investigation of Roberts. That statement, which was based almost entirely on Mahoney's personal observations and knowledge, plainly is sufficient to establish that Roberts was dealing in illegal firearms silencers. Peters' statement, too, is an exhaustive and detailed account of his undercover purchase of a silencer from Roberts. Peters' allegation that Roberts at one point placed a silencer-equipped rifle in the defendant truck is clear and unequivocal.
 
 
 15
 We are of opinion that the verified complaint alone easily could form the factual basis for a finding of probable cause for forfeiture. However, our opinion is bolstered by the further evidence that the government submitted in support of its summary judgment motion. We have already noted the affidavit of Roberts' co-defendant Miller, which describes another incident in which Roberts produced a silencer from the cab of the defendant truck. Though Roberts disputes the veracity of that affidavit, it nonetheless was properly considered as a factor in the probable cause inquiry. In sum, we are confident that the district court did not commit clear error in finding probable cause for forfeiture.
 
 
 16
 Our inquiry is not at an end, however, as Roberts also challenges the district court's grant of summary judgment in favor of the government. We review de novo the entry of summary judgment under the familiar standard of Fed. R. Civ. P. 56(c) and "in light of the statutory law of forfeitures." Tahuna, 702 F.2d at 1283; see also Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1127-28 (4th Cir. 1987). Because the government discharged its burden of establishing probable cause, the only question remaining is whether Roberts presented evidence that could lead a rational trier of fact to find by a preponderance of the evidence that the defendant truck was never used to transport silencers. See Matsushita Elec. Ind. Co. V. Zenith Radio, 475 U.S. 574, 587 (1986).
 
 
 17
 As we have noted, Roberts responded to the government's motion for summary judgment first by filing his own affidavit denying generally that he had any knowledge that his truck had been used to transport silencers. That general, conclusory denials in the form of affidavits unsupported by facts are insufficient to prevent entry of summary judgment is by now well established. See, e.g., Fed. R. Civ. P. 56(e); Lujan v. National Wildlife Federation, 58 U.S.L.W. 5077, 5080-82 (U.S. 1990). Thus, the district court properly declined to consider this affidavit as tending to raise a genuine issue of material fact.
 
 
 18
 Neither can Roberts' affidavit denying the assertions in the Miller affidavit submitted by the government suffice to avert summary judgment. Though this affidavit was supported by the type of objective facts necessary to create a triable factual dispute, i.e., the timekeeping records from Champion Paper Company purporting to show that Miller and Roberts had never worked together during a part of the period in question, this lone affidavit simply is not enough. Roberts failed to call into question in any way the allegations in Peters' statement, and, on the record taken as a whole, we cannot say that a rational trier of fact could have found for Roberts.
 
 
 19
 The judgment of the district court is accordingly
 
 
 20
 AFFIRMED.
 
 
 
 *
 We note that the magistrate judge, in his recommendation of summary judgment in favor of the government that was later adopted by the district court, referred to the Peters statement as an affidavit. The magistrate judge was in error in this characterization of Peters' statement because, as we have stated, that statement itself, though part of Agent Mahoney's verified complaint, was not a sworn affidavit. However, in light of our holding that the probable cause finding was proper even when based on Peters' unsworn statement, the magistrate judge's error was entirely harmless