979 F.2d 849
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Charles Steven CAMPBELL, Claimant-Appellant,
and 5528 Belle Pond Drive, Centreville, Virginia 22020; 386
IBM Compatible Computer Monitor; Printer;
Keyboard and Related Accessories, Defendants.
 
 No. 92-1104.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 1, 1992
Decided: November 16, 1992
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CA-91-330-A)
 ARGUED: John A. Keats, Fairfax, Virginia, for Appellant.
 Gordon Dean Kromberg, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 ON BRIEF: Richard Cullen, United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 Affirmed.
 Before ERVIN, Chief Judge, LUTTIG, Circuit Judge, and TRAXLER, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Appellant C. Steven Campbell challenges an order of the district court granting the Government's motion for civil forfeiture of his house, see 21 U.S.C. § 881(a)(7). Campbell contends that the district court erred in finding that the Government had met its burden of establishing a substantial connection between the house and a felony violation of the drug laws. He also argues that the district court erred in admitting evidence obtained from a search of the house. We discern no error by the district court, and therefore affirm.
 
 I.
 
 2
 Upon receiving an anonymous tip that "Bobby" was growing and selling marijuana at 5528 Belle Pond Drive in Centreville, Virginia, three Fairfax County police officers visited the house on February 19, 1991. See J.A. at 80, 128-29, 144-45, 211. Appellant Campbell answered their knock at the door, and they explained to him the nature of the complaint. See id. at 80, 129, 147-48, 187. When the officers told Campbell that "no one would be arrested that night" if he led them to the marijuana, Campbell took the officers to the basement bedroom of his seventeen-year old ward, Robert Hagemeyer. See id. at 80, 148-49, 174, 188. There the officers found approximately twenty-seven marijuana plants growing in wooden boxes, seven more plants hanging from wires on the ceiling, marijuana drying on boards and aluminum foil, electric growing lights, and temperature gauges. See id. at 80-81, 130-36, 176. They also found a computer printout tracking the growth of about thirty marijuana plants. See id. at 81, 140, 160, 190. Campbell told the police that the information on the printout was stored in his computer. See id. at 81, 163. Finally, the police found small amounts of marijuana in other rooms, including Campbell's bedroom. See id. at 81, 155. Campbell admitted that Hagemeyer grew marijuana at the house and sold oneeighth ounce quantities at a price of $25 each. Id. at 81, 139, 159-60, 209. Campbell also admitted to being a regular marijuana user himself. See id. at 81, 185-86, 204.
 
 
 3
 In March 1991, the Government brought this civil forfeiture action against the house and the computer equipment, to which Campbell is the sole disputed claimant. See 21 U.S.C.s 881(a)(2),(7). While the forfeiture action was pending, Campbell pled guilty in Fairfax Circuit Court to possession of marijuana and contributing to the delinquency of a minor. See J.A. at 89-102. The forfeiture action proceeded to trial, and the district court granted forfeiture of the property. Campbell appeals the forfeiture of his house.
 
 II.
 
 4
 The district court rejected Campbell's arguments that the Government had not shown probable cause that the house was subject to forfeiture. See United States v. 7715 Betsy Bruce Lane, 906 F.2d 110, 112-13 (4th Cir. 1990) (probable cause requires evidence of a "substantial connection between the property and the underlying criminal activity").[1] The court found the "nexus between the house and the crime clear and substantial. The house functioned as a factory (for the manufacture of marijuana), a warehouse (for the storage of marijuana), and a distribution center (for the sale of marijuana)." J.A. at 84. Having considered Campbell's arguments that probable cause was lacking, we find them without merit. We accordingly affirm on the reasoning of the district court. See id. at 77-88.
 
 III.
 
 5
 Campbell also argues that the search of his house violated the Fourth Amendment and that the district court erroneously admitted evidence obtained through that search. The court did not expressly address this argument in its opinion, but did overrule Campbell's objection at trial that the evidence was tainted. See id. at 130.
 
 
 6
 We reject Campbell's argument. It is doubtful that the Fourth Amendment "exclusionary rule" even applies to the use in federal civil forfeiture proceedings of evidence seized by state police officers. See United States v. Janis, 428 U.S. 433, 459-60 (1976) ("We ... hold that the judicially created exclusionary rule should not be extended to forbid the use in the civil proceeding of one sovereign of evidence seized by a criminal law enforcement agent of another sovereign."). Nonetheless, even assuming the rule applies, the search was valid because Campbell voluntarily consented to it. See Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). Upon answering the door, Campbell led the officers to the marijuana and provided information about its cultivation. Campbell now contends that his consent was coerced because "the police officer gave [him] the clear 'impression' that if [he] did not accede to his request, that he would be immediately arrested." Appellant's Br. at 24. Yet, especially when examined in the "totality of the circumstances" as required by Schneckloth, 412 U.S. at 248-29, the statement of the officers that no one would be arrested that night if Campbell led them to the marijuana does not constitute coercion. Campbell has offered no evidence of fraud or force, nor does he contend that the officers so much as mentioned a warrant. See id. at 247 (finding consent search valid where "no evidence of any inherently coercive tactics"); United States v. Hummer, 916 F.2d 186, 190 (4th Cir.) (threat to seek search warrant did not render consent coerced), cert. denied, 111 S. Ct. 1608 (1990). Nor need the Government show that Campbell "knew of the right to refuse to consent for the search to be deemed a voluntary one." United States v. Gordon, 895 F.2d 932, 938 (4th Cir.) (citing Schneckloth, 412 U.S. at 248-49), cert. denied, 111 S. Ct. 131 (1990). Because Campbell's consent was not coerced, the district court did not err in admitting the fruits of the search.[2]
 
 CONCLUSION
 
 7
 For the reasons stated herein, we affirm the judgment of the district court.
 
 AFFIRMED
 
 
 [1]
 Real property is subject to forfeiture where it is "used, or intended to be used, in any manner or part to commit, or to facilitate the commission of, a violation of [title 21] punishable by more than one year's imprisonment, except ... by reason of any act or omission established by [the property's] owner to have been committed or omitted without the knowledge or consent of that owner." 21 U.S.C. § 881(a)(7)
 
 
 [2]
 Campbell also contends that the search exceeded the scope of his consent because it extended beyond the basement into the rest of the house. This argument is irrelevant because the evidence obtained in the rest of the house (two small quantities of marijuana) was but an immaterial part of the Government's evidence showing probable cause. See J.A. at 156 (total marijuana found upstairs measured one or two grams). Even were we to assume, which we do not, that the evidence seized upstairs was beyond the scope of Campbell's consent, the admission of that evidence was harmless, see Fed. R. Civ. P. 61, especially in light of the "normal presumption in non-jury cases" that the trial judge will only have relied on the properly admitted evidence, United States v. Smith, 390 F.2d 420, 422 n.2 (4th Cir. 1968)