**UNITED STATES of America, Plaintiff,**

v.

**$61,433.04 U.S. CURRENCY and One Tract of Real Property [Consisting of Two Lots] With All Appurtenances and Improvements Thereto Located in Wilson County, Wilson Creek Township, Having the Street Address of 1699 Bynwood Circle, Wilson, North Carolina, and More Particularly Described in Deed Recorded** in Book 1336, Page 902 of the Wilson County Registry, and Being Titled in the Names of James Ronson Taylor and Wife, Jamel Earleen White Taylor, and Any and All Proceeds from the Sale of Said Property, Defendants.

No. 92–109–CIV–5–H.

United States District Court, E.D. North Carolina, Raleigh Division.

March 24, 1993.

As Modified March 29, 1993.

---

Thomas P. Swaim, Asst. U.S. Atty., Raleigh, NC, for plaintiff.

John W. Copeland, Jr., Wilson, NC, for defendants.

## ORDER

MALCOLM J. HOWARD, District Judge.

The matters before the court in this asset forfeiture case are the motions of the United States for summary judgment or, in the alternative, to strike the claims of the claimants, James Ronson Taylor and Jamel Earleen White Taylor. The court entered an order on February 9, 1993, reserving rulings on these issues pending a response by the government to the claimants' motion to suppress. The United States has done so and the claimants filed a reply. These matters are ripe for disposition.

This action arises out of the Taylors' arrest and a search of their residence in Wilson, North Carolina. On September 8, 1991, Highway Patrol Trooper Michael E. Lane and Wilson County Deputy Sheriff Sergeant Levi Williams went to the claimants' residence to return a weapon previously seized from Mr. Taylor during a traffic stop. Trooper Lane knew Mr. Taylor from a previous arrest for a concealed weapons charge.

The officers arrived at approximately 9:15 p.m. and knocked on the front door. Mr. Taylor was told of their purpose and was asked to sign a form to get his pistol back. Mr. Taylor, surprised, opened the door, spoke with the officers, and closed the door again, allegedly so that he could put his dog in the back yard. Trooper Lane and Sergeant Williams were left standing on the porch.

The officers then heard noises from inside which aroused their suspicion. Trooper Lane walked down the porch and looked through the dining room window. The patrolman maintains that his view was unobstructed, the claimants contend that the blinds were closed. In any event, a large amount of cash and a plastic bag containing a white powdery substance were observed on the dining room table. Surmising that a drug transaction was underway, the officers pounded on the front door and demanded entry. After a delay of several minutes, Mr. Taylor opened the door. While still standing on the porch, Sergeant Williams looked past Mr. Taylor and saw a gun on the dining room floor.

The officers entered the home, gained control of the premises, and called for backup. Following the arrival of additional units, Mr. Taylor spontaneously admitted to gambling. The Taylors were arrested and the police seized currency, small amounts of controlled substances, weapons, and suspected gambling records.

Mr. Taylor subsequently pleaded guilty to one gambling offense in state court and drug charges filed against his wife were dismissed.

The plaintiff, the United States of America, filed this action against the defendants, $61,433.04 in currency and one tract of real property, on February 10, 1992. The United States contends that the currency and real property are subject to forfeiture under 18 U.S.C. §§ 981 and 1955(a) as being involved in gambling, money laundering, and drug activities violating 18 U.S.C. §§ 1956(a)(1)–(A)(i) and (c)(7)(A), and § 1961(1). Attached to the complaint is the affidavit of Internal Revenue Service Agent William R. Turner, III, and copies of records seized from the living room. In Agent Turner's opinion, the records document an illegal gambling operation.

The Taylors subsequently invoked their Fifth Amendment right not to incriminate themselves during a deposition conducted by the government in this matter. United States Magistrate Judge Wallace W. Dixon heard the privilege question in an unrecorded telephone hearing and directed the parties to brief the issue. The government and the claimants cover the subject in some detail in their arguments in support of, and in opposition to, the motions to suppress and for summary judgment.

In affidavits filed in support of their position, the Taylors deny any involvement in activities which violate any federal law.

## DISCUSSION

■ In a civil forfeiture proceeding, the initial burden is on the United States to establish probable cause that the property is subject to forfeiture. *United States v. 7715 Betsy Bruce Lane, Summerfield, N.C.*, 906 F.2d 110, 111 (4th Cir.1990). Once the government has made this showing, the burden shifts to the claimants to prove by a preponderance of the evidence that the factual predicate for forfeiture have not been met. *Id.*

A. *The Claimants' Motion to Suppress.*

■ Resolution of the motion to suppress is critical to determining if the government has established probable cause. The Taylors raise various arguments concerning every conceivable circumstance surrounding their arrest. However, this matter turns on whether Trooper Lane acted properly in

looking through the dining room window after his initial conversation with Mr. Taylor. The claimants argue that his action constituted an impermissible search in violation of the Fourth Amendment, requiring suppression. The United States maintains that the officer's action was justified in light of the circumstances.

The Fourth Amendment only protects against the unreasonable actions of police officers. *United States v. Jackson*, 585 F.2d 653, 660 (4th Cir.1978). The actions of Trooper Lane were entirely proper under the circumstances. Given Mr. Taylor's uneasiness, the hurried movement and low whispers following the officers' initial conversation with him, and the prior arrest for carrying a concealed weapon, the patrolman was justified on personal safety grounds in walking several feet down the porch and looking in the window. Objects observed when an officer justifiably looks through a window are within the reasonable limits allowed under the Fourth Amendment. *Id.*, 585 F.2d at 660–661.

■ Warrantless entry and seizure is permissible where probable cause and exigent circumstances exist. *United States v. Campbell*, 945 F.2d 713 (4th Cir.1991). Probable cause is the reasonable grounds for belief of guilt, supported by less than prima facie proof but more than mere suspicion. *7715 Betsy Bruce Lane*, 906 F.2d at 112. The sight which greeted Trooper Lane when he looked in the window, a large amount of money and a suspicious white powdery substance, suggesting a potential drug transaction in progress, was sufficient to comprise probable cause.

The exigency of any particular set of circumstances depends upon the circumstances. Factors taken into consideration include the time necessary to obtain a warrant; a reasonable belief that evidence is about to be destroyed; potential danger to the police; the awareness of those in possession of the evidence that the police are in pursuit; and the ready destructibility of the contraband. *United States v. Turner*, 650 F.2d 526, 528 (4th Cir.1981). In this case, there was no time to obtain a warrant; it was reasonable

**138**

that the suspected contraband could be destroyed or hidden prior to obtaining a warrant at any moment; a firearm was observed, signifying the possibility for violence; the occupants were aware of the police on their doorstep; and it was evident that potential evidence could be destroyed with no more effort than flushing a toilet. As a result, the court is satisfied that exigent circumstances were present to justify warrantless entry.

Thereafter, seizure of the gambling records found on the dining room table next to cash, a gun, and suspected cocaine was permissible as materials subject to "inevitable discovery." *See Nix v. Williams*, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). Consequently, the motion to suppress will be denied to the extent it concerns the records which form the basis of Agent Turner's affidavit. It is unnecessary to consider suppression of other items seized or statements made in connection with the arrests given the dispositive nature of the admissibility of the records.

B. *Plaintiff's Motion for Summary Judgment or to Strike.*

Summary judgment is appropriate where there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A review of the complaint and Agent Turner's affidavit shows that the United States has made the necessary probable cause showing and the burden of proof shifts to the claimants to show that a material issue of fact exists.

■ The Taylors' defense to the government's motion for summary judgment rests upon suppression of the evidence seized in the arrest and their affidavits. The suppression issue has already been addressed. As for the affidavits, the claimants cannot use them to create an issue of fact to thwart summary judgment when they invoked their Fifth Amendment right not to incriminate themselves during a deposition. *In re Ed-*

*mond*, 934 F.2d 1304, 1308 (4th Cir.1991). Consequently, the claims of the Taylors will be struck and summary judgment will be entered in favor of the United States.

Accordingly, it is hereby ORDERED that the claimants' motion to suppress is DENIED as it applies to records seized in the arrest of the claimants, that the government's motion to strike the claims of James Ronson Taylor and Jamel Earleen White Taylor is GRANTED, that the motion for summary judgment in favor of the United States of America is GRANTED, and that this case is DISMISSED.

This the 22nd day of March, 1993.[1]

---

1. The last six words of the March 24, 1993, Order were subsequently deleted in an Order entered on March 29, 1993, and new language was substituted to reflect that the defendant real property and currency was declared forfeited to the United States; the marshall was directed to seize the defendant property and turn it over to the United States for appropriate disposition.