7 F.3d 226
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bennett AKUFFO, Claimant-Appellant,
and
$57,450 in United States Currency, Defendant.
 No. 93-1523.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 15, 1993.
Decided: September 30, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. M. J. Garbis, District Judge. (CA-92-1261-MJG)
 Dennis Adjei-Brenyah, New York, New York, for Appellant.
 Gary P. Jordan, United States Attorney, Richard C. Kay, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before HALL, MURNAGHAN, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Bennett Akuffo appeals from the district court order granting summary judgment in favor of the United States in its forfeiture action against Akuffo's money. Because we find that summary judgment was properly granted, we affirm.
 
 
 2
 Members of the Baltimore Police Department's Drug Enforcement Section interdicted Akuffo in 1991 at Penn Station in Baltimore. According to the government in its affidavit in support of summary judgment, the officers interviewed Akuffo and obtained his consent to search luggage that he was carrying. According to Akuffo in his answer to the forfeiture complaint, the officers wrested his bag from him and searched it when he declined their request to look into it. The officers found $57,450 in the bag, packaged in a manner consistent with drug trafficking. The officers also found a slip of paper on Akuffo that had figures consistent with the import price of heroin and a "total" amount equivalent to the money in his bag. The officers submitted the money to a drug-dog that alerted the officers to the presence of drug residue on the money. The officers then seized the money.
 
 
 3
 The government brought a forfeiture action against the money in 1992 with a supporting affidavit. Akuffo filed an answer that contained his claim of an illegal search and seizure. The answer and the government's affidavit were in direct contravention. However, the answer was not verified.* Akuffo filed a motion for summary judgment with his affidavit in support and then refused to participate in further discovery. Akuffo maintained that he did not have to participate because he was exercising his Fifth Amendment right against self-incrimination. The government sought to strike the affidavit and the court properly granted the motion. Selective use of the Fifth Amendment is disfavored, and such manipulative tactics should not be allowed. In re Edmond, 934 F.2d 1304, 1308-90 (4th Cir. 1991). Thus, that evidence was not before the district court on summary judgment.
 
 
 4
 This Court reviews summary judgments de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is properly granted where the record, taken as a whole, reveals that a rational trier of fact could not find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). The submitted evidence and resulting reasonable inferences are read in favor of the non-moving party. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Credibility determinations are improper on summary judgment; where resolution of an issue of fact depends upon such a determination, summary judgment is inappropriate. Gray v. Spillman, 925 F.2d 90, 95 (4th Cir. 1991).
 
 
 5
 In civil forfeiture, the government must show probable cause that the subject property has been used in, or is the proceeds of, drug trafficking crimes. United States v. 7715 Betsy Bruce Lane, 906 F.2d 110, 111 (4th Cir. 1990); 21 U.S.C. § 881(a)(6) (1988). However, if evidence is obtained in violation of the Fourth Amendment, it is inadmissible in forfeiture proceedings. One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 696 (1965).
 
 
 6
 On the evidence before the district court, no genuine issue of material fact existed as to the alleged violation of Akuffo's Fourth Amendment rights. The government's affidavit that stated Akuffo consented to the search was uncontested. Searches pursuant to proper consent cannot be in violation of the Fourth Amendment. See, e.g., Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973). Thus, no violation occurred, and the evidence establishing probable cause for forfeiture, which was uncontested, was properly before the court. The court properly found probable cause and granted summary judgment for the government.
 
 
 7
 Accordingly, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 To be verified, a pleading must meet the requirements of Fed. R. Civ. P. 56(e). 10A Charles A. Wright, et al., Federal Practice and Procedure, § 2738, n. * 48 and accompanying text (1983). Rule 56(e) requires the pleading, then, to be "made on personal knowledge ... [and to] show affirmatively that the affiant is competent to testify to the matters stated therein." Akuffo's answer is signed by his attorney on information and belief, and counsel would not be competent to testify to the facts set forth in the pleading. Thus, the answer was not verified