62 F.3d 1415
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sammie L. NELSON; Leonard Nelson, Jr., Claimants-Appellants,
and
One Parcel of Real Property Designated as Lot 27, Block A-B
Section V-O, in the City of North Charleston, in The County
of Charleston, State Of South Carolina, With All
Improvements Thereon,and With All Rights and Easements
Appertaining, Defendant.
 No. 94-2485.
 United States Court of Appeals, Fourth Circuit.
 Argued July 10, 1995.
Decided Aug. 10, 1995.
 
 ARGUED: Harry Olander Shaw, III, Charleston, SC, for Appellants. Beattie B. Ashmore, Assistant United States Attorney, Greenville, SC, for Appellee. ON BRIEF: J. Preston Strom, Jr., United States Attorney, Greenville, SC, for Appellee.
 Before NIEMEYER, HAMILTON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The United States brought this civil forfeiture case pursuant to 21 U.S.C. Sec. 881(a)(7) against certain real property allegedly connected with the distribution of cocaine. The claimants appeal from a judgment in favor of the United States. Finding no error, we affirm.
 
 I.
 
 2
 In June 1992, DEA Agent Brian Wilhite received information from Crime Stoppers about the illegal drug activities of Sammie L. Nelson of 8128 Sardis Court, North Charleston, South Carolina (the subject property). Three weeks later, a confidential informant, Isaac Pare, told the authorities that he made several cocaine runs to Florida with Sammie, picking up a pound of cocaine each time. Pare introduced Sammie to an undercover officer, Jackie Simmons. Pare and Officer Simmons attempted to buy cocaine from Sammie and his girlfriend, Debra Saulsbury. Some of the negotiations took place at the subject property. On one occasion Pare called the subject property, spoke with Saulsbury, and successfully negotiated a cocaine buy. Saulsbury delivered 19.8 grams of crack to Officer Simmons and Pare that same day, though the delivery did not take place at the subject property.
 
 
 3
 After Pare was arrested on unrelated drug charges, Sammie indicated to Officer Simmons that he was hesitant to do business with her alone, and the investigation stopped. Five and one-half months later, in March 1993, Agent Wilhite was again contacted by Crime Stoppers and told that Sammie had been arrested in Georgia for possession of one kilogram of cocaine. Thereafter, Agent Wilhite got a state search warrant for the subject property.[1] Officials executed the warrant and recovered one ounce of cocaine from a closet in the subject property. Sammie was not home at the time.
 
 
 4
 On March 17, 1993, the United States government filed a Notice of Lis Pendens on the subject property. Thereafter, on March 31, 1993, Sammie transferred the title to the subject property to his brother, Leonard Nelson, for ten dollars. The deed was stamped "TITLE NOT EXAMINED." According to Leonard, Sammie transferred the subject property to him so he could sell it and reimburse family members who contributed to Sammie's bond for the Georgia arrest.
 
 
 5
 On April 2, 1993, the United States government filed a civil forfeiture action against the subject property pursuant to 21 U.S.C. Sec. 881(a)(7). Sammie and Leonard were the only claimants. The district court found probable cause. A jury trial took place on September 15-16, 1994. After the evidence, the court directed a verdict against Sammie. As for Leonard, the government argued that, because the Notice of Lis Pendens was filed before Leonard received title, Leonard had constructive notice that something was amiss with the property, and therefore he was not an innocent owner. The jury returned a verdict for the government and against Leonard. Sammie and Leonard Nelson both appeal.
 
 II.
 
 6
 A forfeiture proceeding under 21 U.S.C. Sec. 881" is civil in nature and relies on the nexus between the property and illegal drug activity." United States v. Chandler, 36 F.3d 358, 362 (4th Cir.1994), cert. denied, 115 S.Ct. 1792 (1995). "Congress has determined that a single felony drug violation [punishable by more than one year's imprisonment] is all that is necessary to trigger 21 U.S.C. Sec. 881(a)(7)." United States v. Santoro, 866 F.2d 1538, 1542 (4th Cir.1989). Under the statute, "[p]roperty is subject to forfeiture if it is given in exchange for drugs; if it is 'traceable' to a drug transaction; if it is used in committing or facilitating the commission of a drug offense; or if it is intended for such use." Chandler, 36 F.3d at 362. "[T]he government has the initial burden of demonstrating probable cause for the belief that a 'substantial connection' exists between the property to be forfeited and the criminal activity defined by statute." United States v. Thomas, 913 F.2d 1111, 1114 (4th Cir.1990) (internal quotations omitted). "Under the substantial connection test, the property either must be used or intended to be used to commit a crime, or must facilitate the commission of a crime." United States v. Shifferli, 895 F.2d 987, 990 (4th Cir.1990)." Probable cause" is the same standard that applies under the Fourth Amendment, i.e., more than mere suspicion. Thomas, 913 F.2d at 1114.
 
 
 7
 Appellants contend that the district court erred in concluding that there was probable cause to believe there was a substantial connection between the subject property and illegal drug activity. Our review is de novo. United States v. 7715 Betsy Bruce Lane, 906 F.2d 110, 112 (4th Cir.1990) (per curiam).
 
 
 8
 The government says that, at a minimum, the evidence allowed an inference that the subject property was intended to be used to facilitate cocaine distribution. As the government observes, our court has said:
 
 
 9
 The language of Sec. 881(a)(7) makes clear that it is irrelevant whether the property is even used at all in the commission of a crime, so long as it is intended to be used. It is also irrelevant whether the property's role in the crime is integral, essential or indispensable. The term "facilitate" implies that the property need only make the prohibited conduct less difficult or more or less free from obstruction or hindrance. Just one use of the property may be enough, given that a single violation is sufficient under Sec. 881(a)(7).
 
 
 10
 Shifferli, 895 F.2d at 990 (citations and internal quotations omitted).
 
 
 11
 Appellants emphasize that Officer Simmons did not purchase cocaine directly from Sammie or at the subject property. And although Officer Simmons bought cocaine from Saulsbury, a resident of the subject property, the cocaine was delivered at a different location. Appellants say the only connection between the subject property and drugs was the cocaine seized pursuant to the search warrant, which they say was improper because the underlying affidavit was defective.
 
 
 12
 We agree with the district court that, even if the warrant was invalid, there was sufficient independent evidence to show the requisite substantial connection. Sammie and Saulsbury negotiated drug deals with Pare and Officer Simmons from the subject property. One such negotiation came to fruition when Saulsbury delivered (albeit offsite) cocaine to Officer Simmons. Agent Wilhite testified that Saulsbury told him during her debriefing that for over a year she and Sammie had been importing cocaine into Charleston, South Carolina, for distribution. Saulsbury further said that the proceeds from Sammie's drug business were used to purchase the lot and build the house at the subject property. Further, in their debriefings Pare and Saulsbury said they saw drugs at the subject property during the period of the investigation. In light of this evidence, we conclude there was probable cause of a substantial connection between the subject property and the distribution of cocaine. "The hurdle posed by the'substantial connection' requirement is not ... a particularly high one." United States v. Borromeo, 995 F.2d 23, 26 (4th Cir.), vacated in part on other grounds, 1 F.3d 219 (4th Cir.1993). Accordingly, we affirm the judgment of the district court.[2]
 
 AFFIRMED
 
 
 [1]
 In his March 17, 1993, affidavit, Agent Wilhite swore that "beginning in November 1992 and continuing to the present time" an undercover officer met with occupants of the subject property and purchased cocaine. However, Agent Wilhite later admitted that he was not aware of any activities that took place at the subject property after November 1992, when his investigation terminated
 
 
 [2]
 We have considered Leonard's additional contention that the district court committed reversible error in failing to give the complete "bona fide purchaser for value" instruction he requested. We find this argument to be without merit